Warren, the plaintiff, as executor of Dunwoodie, hired the slaves sued for two years successively to the defendant, who on the expiration of the last year refused to restore them, resting his defense on the last will of Henry Dunwoodie, the plaintiff's testator, in which he devises all his property to his wife Elizabeth during her life, and after her death the negro Jude, one of those sued for and mother to the rest, to his grandson Absalom. To his grandson James he bequeaths £ 50 after the death of his wife, to arise out of his estate. To his son John one shilling; to his daughter Nancy one shilling; and to Sarah Grissom and his grandson John Jackson, the balance of his estate, after his wife's death.
Elizabeth, the widow, after the death of her husband, lived with one John Jackson, who during her life kept Jude in his possession (356) to her use, and at her death delivered her, together with the children born since the death of the testator, to the plaintiff. The widow died in 1809, and the years for which the negroes were hired to the defendant were 1810 and 1811. It was proved that the possession of the widow, or of Jackson for her use, was by the consent of the plaintiff.
We take it to be very clear that, under the circumstances of this case, it is not competent in the defendant to dispute the title of the plaintiff. As between those parties, at all events, the plaintiff is entitled to recover, because his right has been admitted by the defendant and possession taken under it. That possession he is bound to restore to the person from whom he obtained it; and cannot, with any shadow of justice, consider himself a trustee for any one who in his conception may have a better right to the property.
As to the assent, the general rule cannot be doubted that where a legacy is limited over by way of remainder or executory devise, the executor's assent to the first taker will be considered an assent of all the subsequent takers or legatees. But this rule cannot prevail where, after the death of the first taker, the executor has a trust to perform, *Page 277 
arising out of the property, and which cannot be performed unless the property is subjected to his control. Here several pecuniary legacies are to be raised out of the general estate after the death of the wife, and therefore at that period all the property bequeathed to her must of necessity return to the executor, to enable him to perform the trusts of the will; and this point was so adjudged in this Court in the case ofWatson from Johnston County.
NOTE. — See on the first point, Sacarusa v. King, ante, 336, and the cases referred to in the note. On the second point, see Allen v.Watson, 5 N.C. 189; Ingram v. Terry, 11 N.C. 122; Alston v. Foster,16 N.C. 337; Smith v. Barham, 17 N.C. 420; Connor v. Satchwell,20 N.C. 72; Lewis v. Smith, ibid., 326; White v. White, ibid., 401; Lewis v. Smith, 23 N.C. 145. Where there is a legacy for life and no remainder, the assent of the executor (357) inures only to the benefit of the particular tenant, and the executor is entitled to the possession of the chattel again to perform the other trusts of his office. Anonymous, 3 N.C. 161; Black v. Ray, 18 N.C. 334.
Cited: James v. Masters, 7 N.C. 114; Burnett v. Roberts, 15 N.C. 83;Saunders v. Gatlin, 21 N.C. 94; Acheson v. McCombs, 38 N.C. 555; Howellv. Howell, ib., 526; McKoy v. Guirkin, 102 N.C. 24; McLeran v. McKethan,42 N.C. 72; King v. Murray, 28 N.C. 64; McNair v. McKay, 33 N.C. 604;Barnes v. Drake, 50 N.C. 154; Windley v. Gaylord, 52 N.C. 57.