Ruffin, C. J.
 

 There is no evidence tending to impeach the fairness of the sales made by the master, or of the conduct of Hogan in mailing his purchases. He was the largest owner of the property offered, and might fairly bid to enhance the price, and many others interested were present and submitted to have the report of the sales confirmed.— On the other hand, the defendants have failed to establish a purchase by Hogan from the plaintiffs. Indeed the court is satisfied, that the truth is otherwise. The difference in forms of the several powers of attorney is striking, and the presumption is that an attorney acts for the benefit of his principal, unless the contrary is clear. But Hogan’s letter makes it plain, that he had not purchased. If he had, he would have taken more pains to secure the'assignment than taking it in a letter of attorney, that should be nine months in reaching him, and, upon that delay, he would have made enqui-ries about it and applied for another. Besides, it is evident the interest and right remained in the principals; for that only could have made them wish for information of his proceedings, or make it his duty to communicate it. The letter, indeed, mentions the land only, but that is in reference to an order for the sale of it. The agency embraced the whole •estate, personal-and real, as expressed in the power of attorney, and at the time the letter was written the money for which the negroes were sold was not collected, nor the .claimants ascertained. The meaning was, that when the land should be sold, he would write them at large-upon the whole business. There is no intimation in the answer, that Hogan had a distinct authority as to the personal estate, or bad made a purchase of that prior to the letter of attorney .of December, 1829. Nor are the-.plaintiffs concluded by
 
 *532
 
 the terms of the master’s report, and the decrees in those cases for payment to Hogan, as the asssignee of the plaintiffs, for they were not parties to the suits. Yet we think that they may avail themselves thereof so far as to shew, what sums and on what account their attorney received for them. It is immaterial how their interest in the estate was ascertained, whether by litigation, arbitrament, or accounting between the parties ; their attorney is liable to them for whatever he received for and as their shares of the estate_ After receiving their money as theirs, he is not at liberty to deny their right to it, and to say, for instance, that the personal property belonged to their father’s administrator and not to them. That would have been an objection that the parties, who then had to pay, might have urged. But if they chose to waive it, and to pay over the money to the attorney for his principals, the latter may
 
 compel the
 
 former to surrender it to them. The plaintiffs must therefore be declared entitled to such sums as their attorney received un,der their authority, and it must be referred to the master to enquire what they were, and to make the proper charges for interest if the master should think the plaintiffs entitled thereto, and also to make all just allowances for a reasonable compensation to the defendant’s testator and for
 
 the
 
 expenses incurred in his agency.
 

 .Pjsh, Curiam. Decreed accordingly.