Ejectment. From the case it appears that Benjamin King, who was the owner of the land in dispute, leased it to the defendant, and that the lessors of the plaintiff are the heirs at law of Benjamin King, he being dead. The plaintiff relied upon the lease as an estoppel to the defendant. On the part of the defendant it was denied that it would have such effect, as it was void and of no effect, because made upon an (63) usurious consideration. In order to sustain his defense, he showed that the land once belonged to him, and as such had been sold by the sheriff and purchased by one Smith, who, at his instance, sold it to Benjamin King for $600. The defendant at the same time was indebted to King $400, and it was agreed between them that he might redeem the land by paying the $1,000. In the meantime it was agreed that the defendant should keep possession of the land as the tenant of King at an agreed rent, which was more than legal interest upon $1,000. It was denied on behalf of the plaintiff that the lease was usurious, but, if it were, it nevertheless operated as a complete bar to the defendant's denying the title of his lessors; and if it did not have that effect, the plaintiff could recover on the title of Benjamin King, as set forth and proved by the defendant. The presiding judge charged the jury that if the lease was infected with usury, it was no estoppel, but was completely annulled by the statute against usury; and to entitle the plaintiff to recover on the title of Benjamin King under the sheriff's sale, if he had any, he must show, as against this defendant, a judgment, execution, and sheriff's deed. There was a verdict for the defendant, and plaintiff appealed.
We differ with his Honor. Although two questions were decided in this case, there is in truth but one, and that is the estoppel. In his directions upon that point we think there is error in not drawing the proper distinctions between the contract for rent and the legal principle growing out of the fact that the defendant was in possession of the land under the title of Benjamin King. By accepting the lease and holding possession, in an action to recover it he was estopped to deny his title, and it was not necessary for the plaintiff to show any other. But it is said the lease is usurious. We cannot see (64) wherefore. According to the defendant's own showing, Benjamin King had purchased the land in good faith; it was his, and he leased it to the defendant. If the lease was usurious, it did not affect the principle upon which the estoppel is founded, which is that the defendant is in possession under it; and while it continues he is not at liberty to deny his landlord's title. This doctrine is too familiar to need support upon authority. Even where an individual takes a lease of his own land, and, under it, gets into possession, he is estopped. Dunwoodie v. Carrington,4 N.C. 355. If, then, the lease was usurious, the only effect the usury would have would be to make void the contract for rent, and if this were an action for the rent, the plaintiff could not recover, because, in that case, the contract would be in violation of the act. The defendant attempts to avoid the natural effect of taking a lease from the lessor of the plaintiff by alleging that it was usurious. Now, that can only be shown by going back to the conveyance from Smith to the lessor of the plaintiff, and claiming an interest in that conveyance for the defendant. But when we thus go back, it results from the defendant's own showing that Smith had the legal title, and that title he conveyed to the lessor of the plaintiff. How is that title to be divested out of him? A person cannot gain any new rights by an usurious contract; but he does not thereby lose those previously vested in him. So far from showing that the lessor of the plaintiff had not the title which he claimed by estoppel against the defendant, the defense shows that he actually had it by conveyance from Smith.
PER CURIAM. Venire de novo.
Cited: Davis v. Cunningham, 32 N.C. 160; Wilson v. James, 79 N.C. 352. *Page 58 
(65)