This was an action of assumpsit, in which the plaintiff declared for money had and received, and in the other money courts. Pleas, the general issue, statute of limitations.
On the trial the evidence was that, some time in 1848, the defendant's intestate sold a negro slave named Jack for $750, and received $400, part of the purchase money, and said that he was acting as the agent of the plaintiff. The negro Jack had belonged to one Dugald Blue, who died in August, 1828, leaving five children, with one of whom, named Annie, the plaintiff intermarried.
The purchaser said he thought he had paid the balance of the purchase money for Jack to John F. Blue, who was one of Dugald Blue's children. Another witness testified that, in 1842 or 1843, he believes in the latter year, he indorsed a note for the intestate to enable him to borrow some money (603) from the bank, the intestate saying he want it for the plaintiff, who was expected to come in from Tennessee, where he resided.
The intestate said afterwards he had laid out the money in the purchase of goods. He died in the fall of 1844. And the defendant took out letters of administration on his estate, and in October, 1846, the plaintiff, by a regularly constituted attorney, made a demand upon him for the money which his intestate had received as the plaintiff's agent for the sale of Jack. The defendant refused to pay the amount claimed, which was one-fifth of the whole purchase money, with interest; and the suit was commenced in 1848. There was no distinct evidence that any letters of administration had been taken out on the estate of Dugald Blue, deceased, and the defendant contended that, whether there was or not, the plaintiff could not recover, for if there had been no administration, no person could claim the slave Jack, or his proceeds, except as administrator of the said Dugald Blue, and if there had been an administration the slave or his proceeds belonged to such administrator, or, if he were dead, to an administrator de bonis non. *Page 410 
The court instructed the jury that the principles of law contended for by the defendant were correct, and would determine this case in his favor, if the length of time and other circumstances would not enable them to make such presumptions as would support the plaintiff's title; that if they found that the defendant's intestate had possession of the slave, on the day of sale, eighteen years after the death of Dugald Blue, or the plaintiff's agent had sold him as such and subsequently acknowledged that he held the proceeds of such slave for the plaintiff as his agent, they were at liberty to make any and every presumption, as against the defendant's intestate, to support his right (604) to recover. The jury under this instruction returned a verdict for the plaintiff, and the defendant, after an ineffectual motion for a new trial for misdirection by the court, appealed to the Supreme Court.
We see no such error in the charge of the judge below as to authorize this Court to interfere with the judgment. The plaintiff is entitled to retain his verdict. It is not denied that John McKeethan, the intestate of the defendant, as the agent of the plaintiff, sold, in 1838, a negro man slave, and received the purchase money, which he converted to his own use. The money so received by the intestate was received by him to the use of the plaintiff. On the part of the defendant, however, it was insisted that the slave so sold by the intestate had belonged to one Dugald Blue, who died intestate in the year 1820, and that no action could be brought to recover the proceeds of the sale, except by his administrator. The principle contended for is correct. No action at law can be maintained, to collect the assets of a deceased man, but by his personal representative. This is not a case, however, for its application. The action is not brought to collect in the assets of Dugald Blue; but the plaintiff seeks to recover the money in contest, upon a personal contract with the intestate, John McKeethan. If an action had been brought by the plaintiff against the intestate to recover the negro before the sale, or the proceeds of the sale, the intestate could not have been heard to deny the title of the plaintiff in either case; so neither can the defendant, who stands in his place. See Dunwoodie v. Carrington, 4 N.C. 355; Means v. Hogan, 37 N.C. 525;Love v. Edmonds, 23 N.C. 152; Story Agency, sec. 217.
PER CURIAM. Judgment affirmed.
Cited: Davidson v. Potts, 42 N.C. 274; Webster v. Laws, 89 N.C. 228. *Page 411 
(605)