The plaintiff claimed under a judgment and execution against the heirs of one William Maer, and having made out his case, the defendant produced and proved the following deed:
"Articles of agreement entered into between William Maer and John Drizzle, both of, etc., witnesseth: that the said William Maer does agree on his part to let the said Drizzle tend, use and occupy a certain field in the low-grounds (then followed a description of the land), being the field he, the said Drizzle, has now in possession, during his natural life, or so long as the said Drizzle may wish to tend it himself, and no longer. In consideration of which the said John Drizzle does agree on his part to clear and get under cultivation as much of said land, between, etc. (describing the land to be cleared) as he conveniently can, and it is understood by both parties that if the said Drizzle should at (415) any time hereafter decline tending said land himself, that he shall have no right to rent, lease, or in any manner whatever put it in the possession of any other person, but at the time of so declining to use it himself it shall return to him, the said Maer, or in case of his death, to his estate.
"In witness whereof, we have hereunto set our hands and seals, this 20 December, A.D. 1813.
"W. MAER, (L. S.) "Witnesses: "JOHN DRIZZLE. (L. S.) "HENRY BATES, "A. COPELAND." *Page 338 
At the time the defendant took possession, a small field of about ten acres was cleared; since that time he had cleared about sixty acres, and had continued the possession from the date of the above instrument up to the trial.
His Honor instructed the jury that the obligation produced by the defendant was, upon its face, voluntary; that a valuable consideration purported either a present or future advantage to the grantor or a present or future loss to the grantee; that the instrument under which the defendant claimed purported neither; that the stipulation that the defendant should clear land, "if convenient," imposed no obligation upon him, but left it simply as a matter of choice whether he should or should not clear more land.
The jury returned a verdict for the plaintiff, and the defendant appealed.
The defendant contends that he has a life estate by virtue of the deed executed by Maer to him. If the deed can be considered as a feoffment at common law, and the defendant entered under it, yet if there was no livery of seizin made to him, he would only be tenant at will. (Lit., sec. 70; 1 Thomas' Coke, 637.) If the declaration on the face of the deed that the defendant was then in possession, coupled with the fact that the deed is subscribed by witnesses, would authorize an inference (which I think it does not) that livery of seizin had (416) been made, yet as the conveyance is without any consideration or any use declared, a use would be raised to the feoffer, since the statute of quia emptores (1 Saun., 62), and the possession would be executed to the use by the statute of uses. Maer would, in that event, have the freehold estate, and the defendant be his tenant at will. Again, if the deed is viewed as a lease, it must be considered as a lease at will. "It is regularly true," says Lord Coke, "that every lease at will must in law be at the will of both parties, and, therefore, when the lease is made, to have and to hold at the will of the lessor, the lease implieth it to be at the will of the lessee also, for it cannot be only at the will of the lessor, but it must be at the will of the lessee also. And so it is when the lease is made to have and to hold at the will of the lessee, that must be at the will of the lessor." (1 Thomas' Coke, 637.) The defendant had a right to put an end to his tenancy whenever he pleased, and Maer had the same right.
If the defendant was tenant at will of the land by a parol lease, before the date of the deed, as no consideration was paid, or intended to be *Page 339 
paid, and no use declared, the deed, operating as a release, cannot enlarge the estate so as to give a life estate to the defendant; a release for life on such an interest would, since the statute quia emptores, only raise a use to Maer in the same manner as would a feoffment without consideration(Loyd v. Spillet, 2 Atk., 148; 2 Doug., 745, note), which use would in like manner have the possession drawn to it by the statute of uses. So, in whatever light the case is viewed, the defendant could hold only as tenant at will. The death of Maer put an end to the tenancy at will, and the land was subject to be sold for his debts, and as the deed would not have operated as an estoppel to Maer in his lifetime, neither will it so operate against the lessor of the plaintiff. If the instrument is to be considered as a personal covenant, of course it would be no defense to the action. I think the judgment should be affirmed.