Daniel, Judge,
 

 after stating the case as above, proceeded
 

 as follows: A party who has been let into possession of land under a contract of sale, or for a letting which has not been completed, is only a tenant at will of the vendor. Leigh’s N. P. 861, who cites
 
 Ball
 
 v.
 
 Callimore, 2
 
 Crom. Mee. & Ros. 120, 1 Gale,
 
 96
 
 —Dunk v.
 
 Hunter, 7
 
 Eng. C. L. 115—
 
 Bingham
 
 v. Cartwright, 5 Eng. C. L. 153, 154. And such interest is determinable
 
 instanter,
 
 by a demand of the possession.
 
 Doe d. Jones
 
 v.
 
 Jones,
 
 21 Eng. C. L. 153, 154.
 
 Den on dem. Carson
 
 v.
 
 Baker,
 
 4 Dev. 220. The tenant then having only the right of
 
 egress
 
 and
 
 ingress
 
 to remove his effects. Where A. entered into an agreement with R, to sell land then in possession of the latter, on certain terms; and to execute a conveyance, in case A. should be found owner thereof, and could make a good title thereto; and agreed that, in the mean time, B. should remain in possession; held that A. could not bring ejectment against B., without having demanded the possession, or otherwise having determined B’s tenancy.
 
 Doe d. Newby
 
 v.
 
 Jackson,
 
 8 Eng. C. L. 126. We think the three week’s notice to quit, which had been given to the defendant, certainly determined his tenancy. If the tenant, however, does any act which amounts to adis
 
 *154
 
 claimer of the lessor’s title, it operates as a forfeiture, and notice to quit is not necessary, for the landlord may treat hiix. as a trespasser. As if he refuse to pay rent, on the ground another person had ordered him not to pay any; or if he attorn to another person.
 
 Doe d. Whithead
 
 v.
 
 Pittman,
 
 28 Eng. C. L. 375—Bul. N. P. 96. So if the lessee disclaims the lessor’s title. Leigh N. P. 876. We think, on the question of notice, the charge of the Judge was correct.
 

 Secondly. It is a rule that the lessee cannot dispute his landlord’s title.
 
 Doe d. Johnston
 
 v.
 
 Baytup,
 
 30 Eng. C. L. 67. And this principle extends also to the case of one who takes possession under a contract of purchase; he cannot controvert the title of the person who let him into possession. The American cases on this head are numerous. Leigh’s N. P. 928, note, (American edition.) The circumstance of the defendant being in possession of the land, when he took from Love the deed containing the conditional agreement of purchase, did not enable him in this action to set up the title of Allison, because, by the terms of that agreement, he holds
 
 the
 
 possession thereof under Love. The
 
 case
 
 of
 
 Doe d. Bullen
 
 v.
 
 Mills,
 
 29 Eng. C. L. 16, was, where A., having without title entered upon land and built a cottage, afterwards accepted a lease, (by indenture.) from B., C. claiming the land as his own, paid to A. £,20, to give up the possession to him; held that A. had estopped himself from controverting the title of B.; and that C. was bound by the estoppel, as having come in under, and received the possession from, B.
 

 We think the judgment must be affirmed.
 

 Pek Cuiuam.Judgment affirmed.