THOMAS J. MAUNEY v. E. B. NORVELL.

(Filed 2 June, 1920.)

1. Landlord and Tenant—Lease—Parol Lease—Statute of Frauds—Statutes.

A parol lease of lands for more than three years after the date 'of making the agreement is void under the Statute of Frauds, and our own statute, Rev., 976, and not from the time it goes into effect; and a parol agreement of lease to commence *in futuro* for the full three year period makes the tenant in possession a tenant at will, the rental price being that agreed upon in the parol lease.

2. Same—Acceptance of Rent—Waiver—Appeal—Bond.

A landlord, by accepting the rent from a tenant at will in possession, receives only that which is due him, and this cannot have the effect of waiving his rights under Rev., 976, to declare void a parol lease of more than three years, or render such lease a valid one; and on the tenant's appeal from a justice's court in a summary action of ejection, the tenant is required to give bond for the payment of the rent, etc., Rev., 2008.

3. Same—Deeds and Conveyances—Registration—Notice.

In order to affect with notice and bind a purchaser of lands to a contract of lease for more than three years made by a tenant with a former owner, it is necessary that the lease be registered in the proper county, and, consequently, the lease must be in writing; and hence a parol lease, void under Rev., sec. 976, cannot have this effect. Rev., 980.

APPEAL by plaintiff from *Bryson, J.,* at March Term, 1920, of CHEROKEE.

The plaintiff began this action in summary ejectment before a magistrate for house and lot in the town of Murphy. The defendant was living in the house when the plaintiff bought it from Lane in March, 1918. Soon after purchasing the property, the plaintiff demanded possession, but the defendant did not surrender. The plaintiff was then sent to the army and the defendant paid rent every month, which plaintiff accepted. In February, 1919, plaintiff demanded possession by letter. The defendant replied, claiming a lease for 3 years beginning 10th of May, 1918, which was the first the plaintiff knew of such claim. He mailed the defendant a notice to quit and began this proceeding

before a justice. At that trial the defendant testified that in February, 1918, before plaintiff bought the place, he had rented it from Lane for three years, beginning 10 May, 1918.

On appeal the court being of opinion that the receipt of the rent by the plaintiff was an estoppel, the plaintiff in deference to the intimation of the court, took a voluntary nonsuit and appealed.

*Dillard & Hill for plaintiff.*
*Witherspoon & Witherspoon and J. N. Moody for defendant.*

CLARK, C. J. Rev., 976, provides: "All other leases and contracts for leasing lands, exceeding in duration three years *from the making thereof,* shall be void, unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized."

The lease under which the defendant claims was not in writing and he alleges it was made in February, 1918, to begin on 10 May, 1918, and was void. He was therefore simply a tenant at will, and if entitled to any notice to quit he was entitled only to a reasonable notice, and this was given at least three times.

Rev., 976, is taken from the English statute of frauds, 29 Charles II., ch. 3, which, in the second section thereof, invalidates leases "exceeding three years from the making thereof" and provides that where leases and conveyances of interest in land are not duly authorized in writing they "shall have the force and effect of leases or estates at will only."

The English decisions therefore hold that "under the English statute the period provided for must be counted from the making of the lease." *Rawlings v. Turner,* 1 Ld. Rym., 736, and this has been followed in this country generally, except in those States where the words "from the making thereof" are omitted, 20 Cyc., 215. In New York the trial court held that a lease beginning *in futuro,* not exceeding the prescribed period, was valid, because the new statute in that State had omitted the words (which are in the English statute, and which are retained in ours) "from the making thereof," but the Court of Appeals reversed this, and held that the limitation still ran from the making of a lease. Browne Statute of Frauds, secs. 33, 34, 36.

"Where one goes into possession of land under an invalid lease, his tenancy at the inception is a tenancy at will. And so it is held that the status of one holding under an invalid lease made pending occupation under a valid one, to take effect *in futuro* or under a void sale, is that of a tenant at will. The invalid lease in such a case governs as to the rent to be paid, but not as to the terms or character of the tenancy." 24 Cyc., 1039.

"A party who has been let into the possession of land under a contract of sale, or for a letting, which has not been completed, is only a tenant at will of the vendor, and his interest is determinable *instanter* by a demand for the possession." *Love v. Edmonston,* 23 N. C., 152.

The court erroneously held that the plaintiff, by accepting rent, was estopped to demand possession. The plaintiff is not suing for rents, but for possession. He is entitled to rents as long as defendant remains in possession, and the statute requires the defendant to give bond for rents if he appeals. Rev., 2008. The landlord does not waive anything if he accepts his rents every month, instead of waiting the termination of the suit. *Vanderford v. Foreman* 129 N. C., 217. Acceptance of the rents by the landlord does not create a tenancy from year to year nor preclude the landlord from recovery. In action to recover the possession as the plaintiff is entitled to damages for the occupation of the premises the plaintiff can accept voluntary payments without thereby ratifying the tenant's possession, *ibid.* The receipt of money for the use of premises is not inconsistent with a demand for possession, for it has not misled the defendant nor put him to any disadvantage. *Vanderford v. Foreman, supra,* is very much in point, and is cited *Product Co. v. Dunn,* 142 N. C., 274.

The same section, Rev., 976, makes all contracts to sell or convey any land void unless in writing. In cases where there has been a sale of land without being in writing, if the vendor accepts the whole of the purchase money, or any part thereof, it is not an estoppel on him to recover the land, but he must account for the purchase money received, and betterments. This was settled in this State long ago, denying the doctrine of part performance, by *Gaston, J.,* in *Albea v. Griffin,* 22 N. C., 9, and it has always been approved since, see Anno. Ed. If, therefore, the receipt of the entire purchase money, and the surrender of possession to the purchaser and the erection of improvements is not an estoppel, certainly the receipt of the rent from time to time is not an estoppel, against an oral lease for more than 3 years.

Besides, Rev., 980, renders invalid conveyances, or contracts to convey, or leases of land for more than three years, unless registered as against purchasers for a valuable consideration. The plaintiff purchased this house and lot from Lane in March, 1918, and under his deed he acquired title as against any unregistered conveyance thereof, or any unregistered lease which could continue for more than three years from that date. If an oral lease for 3 years beginning in future would be valid at all it would be valid no matter at what time in the future it would take effect, and if one such lease would be valid, a succession of them would be valid, and the protection of the statute in favor of purchasers would be lost, for the defendant's lease not being in writing was necessarily unregistered.

The payment of the rent did not create a lease between the plaintiff and the defendant, but was simply for the use and occupation of the premises for which therefore he could not be charged upon eviction. If not paid, the judgment of eviction would have contained judgment for the amount of rent due, and for that reason the defendant was required to give a defense bond, Rev., 2008, which was doubtless dispensed with in this case because of such payments.

Reversed.