CHOATE RENTAL COMPANY (Original Party Plaintiff) and THE LIFE INSURANCE COMPANY OF VIRGINIA (Additional Party Plaintiff) v. E. R. JUSTICE and Wife, MRS. E. R. JUSTICE, Trading as JUSTICE HOTEL,

and

CHOATE RENTAL COMPANY (Original Party Plaintiff) and THE LIFE INSURANCE COMPANY OF VIRGINIA (Additional Party Plaintiff) v. E. R. JUSTICE, Trading as SILVER DIME CAFE, or JUSTICE CAFE, No. 311 West Trade Street.

(Filed 24 November, 1937.)

1. Ejectment § 5: Pleadings § 22—In summary ejectment brought by rental agent, court may allow amendment making owner party plaintiff.

On appeal to the Superior Court in summary ejectment brought by the rental agent of the owner of the property, the trial court has the power to allow an amendment making the owner of the property a party plaintiff and to allow it to adopt the pleadings and affidavits filed by its rental agent, C. S., 460, 547, and although the rental agent is not a necessary party, it is a proper party, whose continuance in the case is a matter within the discretion of the trial court and not subject to review.

**2. Landlord and Tenant § 6—**

> Testimony of a tenant that his lease was to continue until the owner decided to tear down the property establishes a lease void for uncertainty of duration, or at most a tenancy at will, terminable at any time by the landlord or tenant.

**3. Landlord and Tenant § 19—**

> A tenant at will is entitled only to reasonable notice to quit, and a tenant from month to month is entitled to seven days notice. C. S., 2354.

APPEAL by defendants from *Rousseau, J.*, at Regular March Term, 1937, of MECKLENBURG.

Two proceedings in summary ejectment for possession and rents of store and hotel, 311 and 313½ W. Trade Street in the city of Charlotte, instituted in justice of peace court of Mecklenburg County.

On previous appeal to this Court the proceeding was sent back for new trial. (211 N. C., 54.) Thereafter, on motion and by order the Life Insurance Company of Virginia was joined as party plaintiff to the consolidated proceeding. It was ordered that the pleadings be amended to show same, that it be taken that the said company had adopted the pleadings and affidavits theretofore filed in the proceedings by Choate Rental Company and that the answers of defendants be taken as answers thereto. No exception was taken to the order.

There is no controversy of record that the Life Insurance Company of Virginia owns the property in question; that Choate Rental Company is the duly appointed property manager and agent of the Life Insurance Company of Virginia, and as such collects the rents and manages said property; that at least seven-day notices to quit were given defendants; that defendants refused to vacate, and that proceedings were instituted respectively after such refusal.

On the retrial below, plaintiffs introduced testimony tending to show oral lease from month to month. Defendants introduced testimony tending to show that there was no written lease, but that Mr. Choate of Choate Rental Company had agreed with defendant E. R. Justice orally. Justice testified: "I was to have the property as long as it was to be used for hotel purposes unless the Life Insurance Company of Virginia discontinued or tore the property down, and if so, then they would give me plenty of time to get other places. That was the agreement and the terms of the lease."

One issue was submitted to jury: "Is the plaintiff, the Life Insurance Company of Virginia, entitled to the immediate possession of the premises in controversy as referred to in the pleading?"

On peremptory instruction the jury answered the issue "Yes."

From judgment on verdict defendants appealed to Supreme Court, and assigned error.

Plaintiffs move to dismiss appeal for that defendants, pending the appeal, having voluntarily surrendered possession of the property, the right to possession becomes a moot question.

*Taliaferro & Clarkson for plaintiffs, appellees.*
*Carswell & Ervin for defendants, appellants.*

WINBORNE, J.   We are of opinion, and so hold, there is no error in the refusal of the court below to grant motion for judgment as of nonsuit, or in the peremptory instruction.

"By virtue of the liberal powers of amendment, the court may, before or after judgment, in furtherance of justice . . . amend any pleading, process or proceeding by adding, or striking out, the name of any party; and at the hearing of a cause, or between terms, or at a regular term, the court may require new parties to be brought in by proper order or sufficient process."   McIntosh, North Carolina Prac. & Proc., 245; C. S., 460 and 547; *Walker v. Miller,* 139 N. C., 448, 52 S. E., 125; *Rushing v. Ashcraft,* 211 N. C., 627, 191 S. E., 332; *Clevenger v. Grover, ante,* 13, 193 S. E., 12.

Conceding that the Choate Rental Company is not a necessary party under the facts of this case, it is a proper party whose continuance in the case was a matter within the discretion of the court, and not subject to review.   McIntosh, P. & P., 245.

Accepting defendant's version of the terms, the lease is of uncertain duration and void.   *Barnes v. Saleeby,* 177 N. C., 256, 98 S. E., 708. But if not void, the terms as stated by defendant at the most constitute a tenancy at will.

In 35 C. J., 1123: "Occupancy of premises under an agreement for an uncertain and indefinite term ordinarily creates a tenancy at will; so a tenancy at will arises under an agreement for occupancy until the premises are sold, or until the premises are rented to a third person, or until the lessor is ready to construct new buildings."

In 35 C. J., 1127: "A tenancy at will may, as the definition implies, be terminated at any time by either the landlord or the tenant."

A tenant at will if entitled to any notice to quit is entitled only to a reasonable notice.   *Mauney v. Norvell,* 179 N. C., 628, 103 S. E., 372. Tenancy from month to month may be terminated by notice of seven days before the end of the month.   C. S., 2354.

Therefore, applying these principles to the facts of the instant case, only one inference can be drawn from the evidence.

We have considered all other assignments and find no error.

In view of our decision the motion to dismiss is not considered.

No error.