D. E. SAPPENFIELD AND R. C. SAPPENFIELD v. A. F. GOODMAN, TRUSTEE, L. E. BARNHARDT AND M. B. SHERRIN AND WIFE, MARY SHERRIN.

(Filed 12 April, 1939.)

1. **Landlord and Tenant § 6—A lease terminable at will of lessee is terminable at will of lessor also.**

   A lease for the period of time during which a filling station on the premises is occupied by lessee, with provision that if for any reason lessee vacates the property the lease should terminate, is a lease for an uncertain duration terminable at the will of the lessee, and is, therefore, a lease at will terminable at the will of lessor also.

2. **Same—Failure of tenant at will to vacate after notice constitutes him tenant at sufferance.**

   When the lessor notifies his tenants at will of his election to terminate the lease and demands possession of the premises, the lessees holding over

14—215

and continuing in possession after such notice become tenants at suffer-
ance, and this result is not affected by the fact that thereafter judgment
is entered for lessee in summary ejectment upon payment of the rents
accrued, from which judgment lessor fails to perfect his appeal.

3. **Equity § 1—**

The maxim that "equity suffers no right to be without a remedy" does
not contemplate the creation of rights not existing at common law.

4. **Mortgages § 30g—**

A tenant at sufferance has no interest in the property which entitles
him to pay the amount of the mortgage indebtedness against the property
and have the note and mortgage transferred to him to prevent foreclosure.

APPEAL by plaintiffs from *Armstrong, J.,* at August Term, 1938, of
CABARRUS.

Civil action instituted 19 May, 1938, to compel defendant L. E. Barn-
hardt, upon payment of indebtedness evidenced by note held by him and
secured by deed of trust covering land in question of which plaintiffs
are alleged lessees, to assign to plaintiffs the note and deed of trust, and
to enjoin foreclosure under power of sale contained in the deed of trust.

The parties having expressly waived trial by jury, and having agreed
that the court shall find the facts and render judgment accordingly, the
court made findings of fact, substantially these:

1. On 27 July, 1933, defendants M. B. Sherrin and wife to secure the
payment of a note in the sum of $2,400 payable to Citizens Building
and Loan Association of Concord, North Carolina, in installments of
$25 per month, executed and delivered to defendant A. F. Goodman,
Trustee, a certain deed of trust, duly registered 8 August, 1933, in the
mortgage deed records of Cabarrus County, conveying three tracts of
land in said county, including the tract in question on which is located
a filling station building, known and designated as the Jackson Park
Grill.

2. Thereafter on 1 September, 1933, defendant M. B. Sherrin, as
party of the first part, and plaintiffs as parties of the second part,
entered into an agreement in which it is provided that: "The party of
the first part shall be guaranteed and receive a total sum of at least
$40 per month as rental" and that "the party of the first part, in con-
sideration of the foregoing agreement, leases all that lot of land (the
lot in question), and said lease shall remain in full force and effect for
the period of time which the filling station is occupied by the parties
of the second part. If for any reason the parties of the second part
vacate the filling station property, then this lease will terminate."

3. On 20 April, 1938, defendant L. E. Barnhardt, who is the law
partner of defendant M. B. Sherrin, in good faith and for value, in the
sum of $1,697.92, purchased the note and deed of trust from the Citizens

Building and Loan Association and same were transferred and assigned to him, the said L. E. Barnhardt.

4. On 21 April, 1938, the installments due on said note being in arrears in the approximate sum of $200, after frequent demands for the payment thereof, defendant A. F. Goodman, Trustee, at the request of defendant L. E. Barnhardt, the then holder of said note, and under the power of sale contained in said deed of trust, advertised all three tracts of land therein described for sale at noon on Monday, 23 May, 1938, prior to which date the sale of the third tract, the one here in question, was enjoined by order in this action. But at the time named the other two tracts were offered for sale and bid off at $700, which bid has not been raised or increased, though the time therefor has now elapsed. The firm of Armfield, Sherrin & Barnhardt, of which defendants L. E. Barnhardt and M. B. Sherrin are members, are the attorneys in said proposed foreclosure.

5. That although plaintiffs through their counsel have demanded of defendant Barnhardt information as to the amount of balance due on said note and have offered to purchase it and, upon assignment thereof and of the deed of trust, to pay, and are ready, able and willing to pay the amount of the balance due thereon, he has not furnished the information and refuses to assign the note and deed of trust.

6. In the meantime, plaintiffs having failed after demand to pay any rent from and after 1 June, 1937, defendant M. B. Sherrin on 21 March, 1938, gave to plaintiffs "notice of his election to terminate said tenancy and demanded possession of said premises."

7. Thereafter, on 24 May, 1938, defendant M. B. Sherrin instituted before a justice of the peace summary ejectment proceeding against plaintiffs, returnable and which came on for trial on 26 May, 1938, when and where the defendants tendered and paid into court the sum of $480 and costs of the proceeding. The justice of the peace thereupon dismissed the proceeding, and defendant M. B. Sherrin gave notice of appeal to Superior Court, but did not perfect the appeal. Since 1 June, 1938, the plaintiffs have tendered monthly to defendant Sherrin the rents on said premises to the first day of September, 1938.

Upon such findings of fact, the court below entered judgment denying the relief prayed and dissolved the injunction theretofore granted. Plaintiffs appeal therefrom to the Supreme Court and assign error.

*Hartsell & Hartsell for plaintiffs, appellants.*
*Sherrin & Barnhardt for defendants, appellees.*

WINBORNE, J. Where one goes into possession of land under a written lease for an indefinite term terminable "for any reason" by the lessee,

and, upon his failure to pay rent as agreed, the lessor gives notice of his election to terminate the tenancy and demands possession of the premises, has the lessee, who thereafter continues in possession, such interest in the land as entitles him, upon payment of balance due on a note, secured by duly registered prior deed of trust covering the land, and for which he is not primarily liable, to compel the assignment of the note and deed of trust, and to restrain a foreclosure sale under the latter? The answer is "No."

The question on factual situation similar to that here presented has not been considered in this or any other jurisdiction, so far as we have been able to ascertain.

The text writers say that the general effect of the decisions is that one who has an interest in property and who is not primarily liable for a debt, secured by a mortgage thereon, and can show that such interest will not be otherwise effectually protected or conserved to him, may, on payment of the indebtedness, compel an assignment to him of the mortgage. Hence, there seems to be no absolute right to an assignment of the mortgage on payment of the indebtedness, but that circumstances of the particular case will determine the action of the court in granting or refusing the relief sought. 19 R. C. L., 482. Subject: Mortgages, sec. 273.

In the present case, conceding that the agreement constitutes a valid lease between plaintiff and defendant M. B. Sherrin, what is the interest created by it? The court below was of opinion that on account of the uncertain duration the lease created a tenancy at will. With this we agree. *Rental Co. v. Justice,* 212 N. C., 523, 193 S. E., 817.

At common law a tenancy at will is created by a letting of land or tenements without the limitation of any certain or determinative estate. It may be created by express words, and exists where the estate can be determined at the pleasure of either party to the lease. Ruling Case Law states: "It is a well settled and well known rule of law that a lease or estate which is at the will of one of the parties is equally at the will of the other party. One is no more and no further bound than the other." 16 R. C. L., Landlord and Tenant, sec. 91, citing *Stedman v. McIntosh,* 26 N. C., 291.

In 35 C. J., 1120, Landlord and Tenant, sec. 339, it is said: "It frequently has been stated that where the lease is made expressly to hold at the will of one of the parties, the law implies that the holding is at the will of the other party also. So a tenancy which is expressly at the will of the lessor is regarded also at the will of the lessee, and according to some authorities the converse of the rule is likewise true, and an estate at the will of the lessee is also at the will of the lessor." *Mhoon v. Drizzle,* 14 N. C., 414, is there cited. In this case, in concurring

opinion of *Henderson, C. J.*, the pith of the decision is clearly stated: "An estate at will is an estate at the will of either party, and if at the will of one, it must be at the will of both. There can be no such estate as one at the will of one party only."

In the case at bar it is provided in effect that the lease shall be in force for the period of time during which the filling station is occupied by the lessees, and, if for any reason the lessees vacate the property, the lease will terminate. In other words, the lease is of uncertain duration, and is expressly terminable at the will of the lessees. Applying the above principles of law, the lease being terminable at the will of the lessees, the plaintiffs, it is terminable at the will of the lessor, the defendant M. B. Sherrin.

A tenant at will, if entitled to any notice to quit, is entitled only to a reasonable notice. *Mauney v. Norvell,* 179 N. C., 628, 103 S. E., 372; *Rental Co. v. Justice, supra.* In 35 C. J., 1130, Landlord and Tenant, section 361, it is stated: "While the law differs in different jurisdictions as to the necessity of notice to terminate a tenancy at will, the rule is universal that such a tenancy may be terminable by notice."

In the present case the court finds as a fact that on 21 March, 1938, M. B. Sherrin, the lessor, gave such notice of his election to end the lease, and demanded possession of the premises. When the plaintiffs thereafter held over and continued in possession, they became tenants at sufferance. In Black's Law Dictionary, tenant at sufferance is defined to be: "One that comes into the possession of land by lawful title, but holds over by wrong, after the determination of his interest."

It is stated in Corpus Juris, that "Since a tenant at sufferance is a wrongdoer, and in possession as a result of the landowner's laches or neglect, he has no term, and no estate or title, but only a naked possession without right, and wrongfully. He acquires no permanent rights because the landowner neglects to disturb his possession, and the land-owner is entitled to resume possession, and the tenant is entitled to quit, at any time without notice." 35 C. J., 1134, Landlord and Tenant, section 370.

Such was the status of the plaintiffs in the instant case at the time this action was instituted, 18 May, 1938.

"Equity suffers no right to be without a remedy," *Sumner v. Staton,* 151 N. C., 198, 65 S. E., 902, 18 Am. Cas., 802, but the right must exist before the equitable remedy may be invoked. "Equity does not create rights which the common law denies," Adams on Equity, quoted and applied in *Streater v. Bank,* 55 N. C., 31.

We are of opinion that the situation is not altered by the fact that after the institution of this action the lessor, M. B. Sherrin, instituted summary ejectment proceeding in which, upon the lessee tendering and

paying into court the rents due, judgment was entered dismissing that proceeding, from which judgment the lessor gave notice of, but did not perfect, appeal to Superior Court.

The principles enunciated in authorities cited by counsel for appellant, in our opinion, are distinguishable for different basic factual situations.

The judgment below is
Affirmed.