JAMES BRADY BARBEE AND WIFE, AUTIE INEZ BURRIS BARBEE, v.
S. G. LAMB.

(Filed 23 May, 1945.)

**1. Frauds, Statute of, § 11—**

A parol lease agreement for more than three years is void.   G. S., 22-2.

**2. Landlord and Tenant § 6—**

One, who enters into possession of premises under a void lease or under
an agreement which is for an indefinite and uncertain term, or for so
long as the tenant may wish to occupy the premises, becomes a tenant at
will.

**3. Same—**

Tenancy at will may be terminated at any time by either party to the
agreement.   And it is terminable *instanter* by demand for possession, or
by a conveyance of the property by the landlord.

**4. Frauds, Statute of, § 11: Deeds § 8—**

To affect a purchaser with notice, a lease for a term exceeding three
years must be in writing and recorded in the proper county.

**5. Trusts §§ 1a, 15—**

An agreement with the owner, that the tenant may occupy the premises,
without rent and free of taxes, so long as the tenant and his family would
live thereon, is insufficient to create a trust estate or other equitable
interest.

APPEAL by defendant from *Rudisill, Special Judge,* at October Term,
1944, of STANLY.   Affirmed.

Civil action in ejectment, heard on demurrer to the further affirmative
defense pleaded in defendant's answer.

Plaintiffs purchased the *locus in quo* from D. J. Skidmore, 22 May,
1944.   Defendant was then in possession.   Plaintiffs demanded possession
which was refused.   Thereupon this action to recover possession and
damages for the wrongful detention was instituted.

Defendant, answering, admits the deed from Skidmore to plaintiffs,
possession by him, notice or request to vacate, and his refusal to vacate.
He then pleads a further defense in substance as follows:

He is the son-in-law of Skidmore.   In 1924 Skidmore persuaded him
to move back to Norwood, home of Skidmore, and told him if he would
do so he (Skidmore) would build defendant and his family a house on
the *locus* and "they might occupy same, free of rent and taxes, so long
as this defendant and his family would live thereon."   Defendant con-
sented and in the latter part of 1924 moved his family into the house
Skidmore had in the meantime constructed on such property as agreed.

The defendant and his family have since openly occupied said premises under said agreement. Skidmore never demanded possession. Plaintiffs, when they purchased, knew, or by the exercise of ordinary care, should have known of defendant's possession and the terms thereof.

He asserts his right to continue to occupy said premises under said agreement notwithstanding the purchase by plaintiffs and the notice to quit.

Plaintiffs demur, in short, for that the further answer and defense fails to allege any fact or circumstance sufficient to constitute a valid defense to their action.

When the cause came on for hearing the parties stipulated that the defense set out in defendant's further answer was his sole and only defense to the plaintiffs' cause of action for the possession of the property, and that if the demurrer filed is sustained, then judgment may be entered for the plaintiffs without the submission of issues raised by the general denials of the defendant.

The court below sustained the demurrer and entered judgment for plaintiffs in accord with the stipulation. Defendant excepted and appealed.

*Brown & Mauney for plaintiffs, appellees.*
*Fred J. Coxe and W. L. Mann for defendant, appellant.*

BARNHILL, J. It sufficiently appears on the face of the further answer that the agreement of rental was an oral understanding. The contemplated occupancy was for an indeterminate period—so long as the defendant and his family would live thereon. No annual rental was reserved. The landlord conveyed the premises. Hence the facts admitted by the demurrer are insufficient to constitute a valid defense or to defeat plaintiffs' present right to the premises.

A parol lease agreement for more than three years is void. G. S., 22-2; *Mauney v. Norvell,* 179 N. C., 628, 103 S. E., 372.

One who enters into possession of premises under a void lease or under an agreement which is for an indefinite and uncertain term, *Barnes v. Saleeby,* 177 N. C., 256, 98 S. E., 708; *Rental Co. v. Justice,* 212 N. C., 523, 193 S. E., 817; *Sappenfield v. Goodman,* 215 N. C., 417, 2 S. E. (2d), 13, or for so long as the tenant may wish to occupy the premises, *Mhoon v. Drizzle,* 14 N. C., 414, becomes a tenant at will.

Some authorities hold that if such agreement provides for the payment of an annual rental and the landlord accepts payment on an annual basis, it is converted into a lease from year to year. But those authorities are not in point for no rental was reserved or accepted. Instead, the agree-

ment expressly provides that the defendant is to occupy "free of rent and taxes."

Tenancy at will may be terminated at any time by either party to the agreement. *Mhoon v. Drizzle, supra; Mauney v. Norvell, supra; Rental Co. v. Justice. supra; Simons v. Lebrun,* 219 N. C., 42, 12 S. E. (2d), 644.

When it is terminable at the will of one party, it is terminable at the will of the other also. *Mhoon v. Drizzle, supra; Sappenfield v. Goodman, supra.* And it is terminable *instanter* by demand for possession, *Love v. Edmonston,* 23 N. C., 152; *Howell v. Howell,* 29 N. C., 491; *Mauney v. Norvell, supra,* 32 Am. Jur., 83, or by a conveyance of the property by the landlord. *Howell v. Howell, supra;* Anno. 120 A. L. R., 1008.

That plaintiffs knew, or by reasonable inquiry could have ascertained, that defendant was in possession is immaterial for, to affect the purchasers with notice, a lease for a term exceeding three years in duration must be in writing and registered in the proper county. *Mauney v. Norvell, supra.*

The defendant does not claim ownership of the premises. He acknowledges his status as a tenant under agreement with the true owner. Hence his open, notorious, exclusive possession as such would not avail him either as notice to plaintiffs or as a source of title superior to that of the plaintiffs.

The agreement under which defendant occupies the premises is insufficient to create a trust estate or other equitable interest. *Frey v. Ramsour,* 66 N. C., 466; *Wood v. Cherry,* 73 N. C., 110; *Cobb v. Edwards,* 117 N. C., 245. Indeed it is not so alleged. See *Grimes v. Guion,* 220 N. C., 676, 18 S. E. (2d), 170.

It follows that there was no error in the judgment sustaining the demurrer and adjudging, under the stipulation of record, that the plaintiffs are the owners and entitled to the immediate possession of the land in controversy. It must be

Affirmed.