HENRY H. STOUT AND STOCO, INC. v. WILLIAM CRUTCHFIELD AND VEORA CRUTCHFIELD

No. 7418DC337

(Filed 1 May 1974)

1. **Landlord and Tenant § 2— term of lease uncertain — tenancy at will**
   When a lease is of indefinite or uncertain duration, it will be treated as a tenancy at will, which can be terminated at any time by either party.

2. **Landlord and Tenant § 15— term of lease not stated — tenancy at will**
   Defendants were tenants at will where they rented a house from individual plaintiff under an agreement whereby plaintiff agreed to rent to male defendant "until such time that he decides to buy same house," since the term of the lease was not stated.

3. **Landlord and Tenant §§ 15, 18— tenancy at will — termination — notice not required**
   Plaintiffs were not required to comply with G.S. 42-3 which re-quires that a tenant be given ten days' notice before his lease can be forfeited for nonpayment of rent, since plaintiffs' right to evict

defendants, who were tenants at will, did not depend on whether defendants failed to pay their rent.

APPEAL by defendants from *Haworth, Judge,* 7 October 1973 Session of District Court held in GUILFORD County.

Plaintiffs brought this summery ejectment action before a magistrate to recover possession of a house and lot in Oak Ridge township of Guilford County which had been rented to defendants. Defendants denied plaintiffs' ownership of the property in question, and the case was transferred to the district court, where it was tried without a jury. The court made findings of fact and conclusions of law and entered judgment in favor of plaintiffs.

In its findings of fact, the court determined that prior to 1963 defendant William Crutchfield had been the owner of the house and lot. On 1 July 1963 he conveyed the property by a deed of trust to Douglas P. Dettor as trustee for Stokesdale Commercial Bank, as security for a loan. Crutchfield defaulted in his payments on the loan, and a foreclosure sale was held. The bank purchased the property at the foreclosure sale and shortly thereafter conveyed it to plaintiff Stoco, Inc. Stoco rented the property to defendants for a number of years. In addition to the facts found by the court, plaintiffs' uncontradicted evidence shows that in December 1972 plaintiff Henry H. Stout, president of Stoco, informed defendants that Stoco would no longer rent the house and lot to them and that they were to vacate the premises.

The court concluded that Stoco was the owner of the property in question; that defendants were merely tenants at will, and that their tenancy had terminated; and that Stoco was entitled to immediate possession of the property. From a judgment of eviction, defendants appealed to this Court.

*Dees, Johnson, Tart, Giles & Tedder, by J. Sam Johnson, Jr., for plaintiff appellees.*

*Smith, Carrington, Patterson, Follin & Curtis, by Norman B. Smith, for defendant appellants.*

BALEY, Judge.

Defendants contend that the trial court erred in holding that they were tenants at will. They take the position that they

have the right to possession of the house and lot in question by virtue of a document signed by Henry H. Stout on 9 January 1966.

William Crutchfield testified without contradiction that after Stoco purchased the property, Stout offered to sell it to defendants. Defendants were unable to purchase it, but they agreed to rent it at $68.00 per month. Stout then offered the property for sale to the public, and defendants were annoyed by prospective purchasers who came at all hours of the day and night asking to be shown around the house. They complained to Stout, and he gave them the following handwritten document:

"I agree to rent to William Crutchfield a house in Oak ridge Township on Dunbar Rd. for 68.00 per month until such time that he decides to buy same house. I will not offer for sale this house until I have first offered the house to him at appraisal value.

HENRY H. STOUT

Received 68.00 rent for Jan. on house.
Jan. 19, 1966.

HENRY H. STOUT"

[1, 2] Defendants argue that this agreement gives Crutchfield an option to purchase the house, and the right to occupy it, as a tenant for years, until he decides to exercise the option. In our view this is not a proper interpretation of the agreement. Every lease must contain some definite provision enabling the parties and the courts to determine when the lease will end. *Barbee v. Lamb,* 225 N.C. 211, 34 S.E. 2d 65; *Sappenfield v. Goodman,* 215 N.C. 417, 2 S.E. 2d 13; *Rental Co. v. Justice,* 212 N.C. 523, 193 S.E. 817. In this case, the rental agreement would end if Crutchfield bought the house, but there is no indication when it would end if he did not. Under the contention of defendants, if Crutchfield never bought the house, he could claim the right to rent it for his entire life. Construing the agreement as a whole, it is obvious that Stout did not intend to grant Crutchfield a life estate in the property or the right to occupy it for any definite term. He reserved the right to sell and was attempting to do so when he executed the agreement. When a lease is of indefinite or uncertain duration, it will be treated as a tenancy at will, which can be terminated at any time by either party. *Barbee v. Lamb, supra; Sappenfield v. Goodman, supra; Rental*

*Co. v. Justice, supra;* Webster, Real Estate Law in North Carolina, § 96. Thus the district court correctly held that defendants were tenants at will, and their tenancy was terminated by Stout in December, 1972.

[3] Defendants point out that plaintiffs have not complied with G.S. 42-3, which requires that a tenant be given ten days' notice before his lease can be forfeited for nonpayment of rent. However, in this case plaintiffs' right to evict defendants does not depend on whether defendants have failed to pay their rent. When Stout told defendants to vacate the premises, their tenancy at will instantly expired, regardless of whether they had defaulted on the rent. Since defendants' tenancy had expired, plaintiffs had the right to bring an immediate action for summary ejectment under G.S. 42-26(1).

The judgment of the trial court is

Affirmed.

Chief Judge BROCK and Judge PARKER concur.