MELODY KENT v. FLETCHER HUMPHRIES AND H & W PLASTICS, INC.

No. 125

(Filed 17 August 1981)

1. Landlord and Tenant § 14— void lease—payment of rent—periodic tenancy

When a tenant enters into possession under an invalid lease and tenders rent which is accepted by the landlord, a periodic tenancy is created, and the period of the tenancy is determined by the interval between rental payments.

2. Frauds, Statute of § 1— voidable lease—other claims not barred

The Statute of Frauds bars only enforcement of an invalid contract but does not bar other claims which a party might have even though those claims arise in connection with the voidable lease; therefore, though plaintiff's action on a lease contract was barred by the Statute of Frauds, her other claims of nuisance, fraud and unfair trade practices based on defendant's operation of a plastics manufacturing plant near her beauty salon were not barred.

APPEAL by defendants from a decision of the North Carolina Court of Appeals (*Clark, J., Whichard, J.,* concurring; *Hedrick, J.,* concurring in part and dissenting in part) reported at 50 N.C. App. 580, 275 S.E. 2d 176 (1981). The Court of Appeals affirmed summary judgment in favor of defendants on plaintiff's breach of contract claim entered by *Brown, Judge,* at the 8 January 1980 Civil Session of Superior Court, CURRITUCK County. The Court of Appeals reversed the action of *Brown, Judge,* in entering summary judgment in favor of defendants on plaintiff's fraud, unfair trade practices and nuisance claims. *Judge Hedrick* dissented in part, saying that plaintiff did not have a sufficient property interest to maintain a claim for nuisance. Appeal of right on the issue of nuisance followed; defendant's petition for discretionary review on the questions of fraud and unfair trade practices was

allowed 7 April 1981. By separate order, this Court limited the questions before it to nuisance, fraud and unfair trade practices.

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White and William Brumsey, III, for defendant appellants.*

*Sanford, Adams, McCullough & Beard, by J. Allen Adams, Catharine B. Arrowood and William George Pappas for plaintiff appellees.*

MEYER, Justice.

The issue presented on this appeal is whether plaintiff forecast sufficient evidence to survive defendants' motion for summary judgment on the issues of nuisance, fraud and unfair trade practices. We hold that she did and therefore affirm the Court of Appeals.

By her complaint, plaintiff Melody Kent alleges that in August of 1976 defendant Humphries orally offered to lease space to her in a shopping center which defendant was building. Plaintiff further alleges that defendant offered a 5-year lease with a fixed rental and an option to renew for another five years, with plaintiff responsible for completing the interior of the leased space. Before agreeing to those terms, plaintiff sought assurances from defendant that he would not operate his plastics and fiberglass manufacturing concern, H & W Plastics, Inc., in or around the shopping center. Plaintiff alleges that she told defendant that she could not conduct her business in the area of a plastics plant due to certain allergies from which she suffered. Plaintiff alleges that defendant assured her that he would not operate his plastics plant near the location of plaintiff's beauty salon.

Relying on those statements allegedly made by defendant, plaintiff accepted defendant's offer to lease space in the shopping center, terminated her former lease arrangement and began to purchase items for and to make improvements to the new leased space.

In January of 1977, according to the complaint, defendant and the defendant corporation began to manufacture plastic and fiberglass products in an area behind the shopping center. At that

time, alleges plaintiff, defendant informed plaintiff's husband that the plant's location was only temporary, and that it would move in three months.

On 1 April 1977 plaintiff occupied the leased area and began to operate a beauty salon. Defendant signed and delivered to plaintiff a written lease for five years which plaintiff refused to sign because it varied from the oral agreement in several respects, one of which was that it did not include defendant's promise not to operate a plastics plant in the vicinity of the shopping center. Plaintiff alleges that she was forced to vacate the leased premises on 3 March 1978 because of the air pollution caused by the operation of the plant near her business. Plaintiff seeks damages for personal injuries, lost profits and business losses resulting from defendants' actions. Defendants deny that plaintiff was ever told that the plastics plant would not operate near the shopping center.

In considering the motion for summary judgment, Judge Brown had before him the pleadings, several affidavits and other documents, answers to interrogatories and the depositions of the plaintiff Melody Kent, and defendant Fletcher Humphries and Larry Bryant, a former employee of defendant H & W Plastics, Inc. Since the defendant moved for summary judgment, and therefore had the burden of showing the absence of any triable issue of fact, our task is to review all of that evidence in the light most favorable to the plaintiff. Summary judgment is properly granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c); *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). With the proper standard of review in mind, we turn now to a consideration of each of plaintiff's three claims (nuisance, fraud and unfair trade practices).[1]

In order for plaintiff to recover in nuisance, she must show an unreasonable interference with the use and enjoyment of her property. *Barrier v. Troutman*, 231 N.C. 47, 55 S.E. 2d 923 (1949). That question involves three separate inquiries. First, did the

---

1. Plaintiff's claim in contract is not properly before us, and we therefore decline to disturb the opinion of the Court of Appeals on that issue.

defendant interfere with plaintiff's use of her property? Considering plaintiff's allegations as true, the answer is yes. Second, was the interference unreasonable? That is a question of fact reserved for the jury if plaintiff satisfies the third element of this inquiry; that is, did plaintiff have sufficient property interest in the rented space to maintain a nuisance action? Defendants argue that, because plaintiff entered under a void lease, she was merely a tenant at will. As such, she was subject to eviction at any time and thus her constructive eviction by defendants' operation of a plant did not violate the very limited property rights she held in the leased property.

Judge Clark, expressing regret, agreed with defendants that plaintiff's tenancy was one at will under the law in North Carolina. "The invalidity of the rental contract leaves the defendants in the position of tenants at will, whose occupancy may be terminated *instanter* by demand for possession." *Davis v. Lovick,* 226 N.C. 252, 255, 37 S.E. 2d 680, 681-82 (1946). *See also Barbee v. Lamb,* 225 N.C. 211, 34 S.E. 2d 65 (1945); *Mauney v. Norvell,* 179 N.C. 628, 103 S.E. 372 (1920). Like Judge Clark, we are troubled by the equities of this rule. It seems patently unfair to us that a tenant who takes under a lease void by operation of the statute of frauds, but who then pays rent as it becomes due periodically, should have only the barest of legal rights as a tenant at will. As Judge Clark recognized, most modern authorities would say that entry under a lease void under the Statute of Frauds creates a periodic tenancy, more consonant with the expectations of both parties. According to the Restatement (Second) of Property, Landlord and Tenant (1977):

> Where, in addition to entry into possession under an invalid lease, rent is paid and accepted under the lease, a periodic tenancy is created. By the payment and acceptance of such rent, the parties have given further indication of their intention to be bound by the invalid lease, and the periodic tenancy provides a measure of security to their expectations. The initial period is determined by the interval between the rent payments specified in the invalid lease.

*Id.* at § 2.3(d).

We note further that this is the rule in the majority of jurisdictions. Annot., Character and Duration of Tenancy Created by Entry Under Invalid or Unenforceable Lease, 6 A.L.R. 2d 685 (1949).

[1] This rule strikes us as both better reasoned and more fundamentally fair than the rule currently employed in this jurisdiction. Accordingly, we hold today that when a tenant enters into possession under an invalid lease and tenders rent which is accepted by the landlord, a periodic tenancy is created. The cases cited above, *Davis, Barbee* and *Mauney,* shall no longer constitute authority insofar as they are inconsistent with this holding. The period of the tenancy is determined by the interval between rental payments. In this case a month-to-month tenancy was created. The effect of so holding in the case now before us is that plaintiff clearly had a sufficient property interest to maintain a claim in nuisance. We agree with the majority in the Court of Appeals that summary judgment on the issue of nuisance in favor of defendant was improper.

Plaintiff's other claims of fraud and unfair trade practices were, as the Court of Appeals panel unanimously agreed, also improvidently dismissed by the trial court. In light of Judge Clark's thorough treatment of those issues, we see no need to comment on those questions save to say that we agree with the rationale and the result reached in the Court of Appeals on those issues.

[2] We have reserved until now a discussion of defendants' claim that, because plaintiff's action on the lease contract is barred by the Statute of Frauds, plaintiff's other claims of nuisance, fraud and unfair trade practices are also barred. We, like the Court of Appeals, are unpersuaded by defendants' argument. It has long been the rule in this State that the Statute of Frauds bars only enforcement of the invalid contract; it does not bar other claims which a party might have even though those claims arise in connection with the voidable lease. *Ingram v. Corbit,* 177 N.C. 318, 99 S.E. 18 (1919). The reason for this rule is clearly illustrated by the instant case. Even though the lease contract is voidable, a party should not escape liability for alleged fraudulent statements made to a second party to induce that party to occupy, make improvements to and pay rent for the property involved.

The decision of the Court of Appeals is therefore modified as to the status of the plaintiff as a periodic tenant rather than as a

tenant at will and otherwise affirmed, and the cause is remanded to the Court of Appeals for further remand to the Superior Court, Currituck County for further proceedings not inconsistent with this opinion.

Modified and affirmed.