An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1020

Filed 6 May 2026

Buncombe County, No. 24 CV 209151-100

BIRCH HILL APARTMENTS, LLC
d/b/a BIRCH HILL APARTMENTS, Plaintiff,

v.

SAVANNAH ABERCROMBIE,
EARNESTINE GEORGE, Defendants.

Appeal by Defendants from order entered 2 May 2025 by Judge Patricia K. Young in Buncombe County District Court. Heard in the Court of Appeals 26 March 2026.

*Brownlee Whitlow & Praet, PLLC, by Kevin Raus, for Plaintiff–Appellee.*

*Savannah Abercrombie and Earnestine George, pro se, Defendants–Appellants.*

MURRY, Judge.

Savannah Abercrombie and Earnestine George (collectively, "Defendants") appeal the trial court's grant of summary judgment for their landlord, Birch Hill Apartments, LLC (Plaintiff). They argue for a genuine issue of material fact as to whether Plaintiff could legally and contractually evict them from their apartment.

For the reasons discussed below, we disagree and affirm the trial court's summary-judgment order.

## I.    Background

Defendants executed a standard lease agreement with Plaintiff on 19 April 2024, whereby Defendants would remit $2,814 "per month for rent, payable in advance and without demand," between June 2024 and January 2025. Defendants ceased these payments after October 2024, at which point Plaintiff initiated summary-ejectment proceedings under the contract's terms and State law. *See* N.C.G.S. § 42-26(a)(1) (2025). After Defendants appealed the magistrate judge's unfavorable ruling to the district court *de novo*, Plaintiff filed a motion for summary judgment on 17 March 2025. Defendants did not file a responsive pleading to this motion but still appeared at the hearing *pro se*, where they conceded on the record their "fail[ure] to comply with [thei]r agreement" with Plaintiff. Plaintiff also reiterated its desired "recovery . . . for possession only." The trial court granted Plaintiff's summary-judgment motion on 2 May 2025. Defendants timely appealed.

## II.    Jurisdiction

This Court has the jurisdiction to hear Defendants' appeal of the trial court's summary-judgment order for Plaintiff because it is the "final judgment of a district court in a civil action." N.C.G.S. § 7A-27(b)(2) (2025).

## III.    Analysis

Defendants' appeal presents a single issue for our consideration: whether any genuine issue of material fact would preclude the trial court's summary-judgment order in favor of Plaintiff's summary-ejectment claim.[1] Having reviewed this question of law *de novo*, we affirm the trial court's order granting that summary judgment for Plaintiff. *See Metcalf v. Black Dog Realty, LLC*, 200 N.C. 619, 630 (2009) (citing *In re Will of Jones*, 362 N.C. 569, 573 (2008)).

Under North Carolina law, a holdover tenant who "continues t[o] possess[ ] the demised premises without the permission of the landlord may be removed from such premises" if she does so "after h[er] term has expired" "and after demand [is] made for its surrender." N.C.G.S. § 42-26(a)(1) (2025) (ellipses omitted). She also "may not unilaterally withhold rent" absent "a judicial determination" to the contrary. *Id.* § 42-44(c). Although a lease must "exceed[ ] . . . three years" to implicate our jurisdiction's statute of frauds, *id.* § 22-2, recording "the plain language of the contract" is nonetheless best practices because it affords our courts clear evidence of "the intent of the parties," *Metcalf*, 200 N.C. at 633 (quotation omitted). And "when

---

[1] Defendants' brief raises a litany of other purported issues that range from implied-warranty violations to due-process deprivations. (First citing N.C.G.S. § 42-42; then citing N.C. Const. art. I, § 19; and then citing N.C. R. Civ. P. 56.) But they made dispositive concessions at the hearing and failed to timely respond to Plaintiff's summary-judgment motion with contrary facts and conclusions that could have preserved these issues for our review. *See* N.C. R. App. P. 10(a)(1) ("[T]o preserve an issue for appellate review, a party must present[ ] to the trial court a timely request, objection, or motion, stating [its] specific grounds if not apparent from the context. (ellipses omitted)). Thus, we decline to address them for the first time on appeal.

th[at] language is [un]ambiguous, no factual issue appears and only a question of law appropriate for summary judgment is present[ ]." *Id.* (ellipses omitted).

A trial court may award the "drastic remedy" of summary judgment, *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518 (1972), only "if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show . . . no genuine issue as to any material fact and . . . any party['s] entitle[ment] to judgment as a matter of law." *Dalton v. Camp*, 353 N.C. 647, 650 (2001) (citing N.C. R. Civ. P. 56(c)). This mechanism "eliminate[s] the necessity of a formal trial where only questions of law are involved and a fatal weakness in the claim of a party is exposed"—even when "view[ed] . . . in a light most favorable to the nonmov[ant]," *Dalton*, 353 N.C. at 650–51.

The claim of the "tenants at sufferance" here suffers from a fatal weakness: their own admissions. *Sappenfield v. Goodman*, 215 N.C. 417, 421 (1939) (citing *Tenant at Sufferance, Black's Law Dictionary* (3rd ed. 1933)). Defendants' "binding document" required monthly rental payments of $2,184 "payable in advance and without demand." (Emphasis omitted.) When they "fail[ed] to perform [this] . . . obligation" after October 2024, Plaintiff sought to contractually "re-enter and re-take possession" of the leasehold "through a summary[-]ejectment proceeding . . . as provided by North Carolina law." Once its claim proceeded to the summary-judgment stage, Defendants did not timely "file a responsive pleading or answer to Plaintiff['s] m]otion within the allotted time . . . under" N.C. R. Civ. P. 56. Defendants then

"acknowledg[ed] that [they] failed to comply with" the relevant payment terms as part of their *pro se* representation at the hearing. Because Plaintiff disclaimed any attempt to recoup "any monies owed in this case" and sought only "possession" of the leasehold, no genuine issue of *material* fact precluded its favorable summary judgment. Thus, we affirm the trial court's order granting that judgment.

## IV.    Conclusion

For the reasons discussed above, this Court affirms the trial court's order granting summary judgment for Plaintiff.


AFFIRMED.

Judges GORE and FREEMAN concur.

Report per Rule 30(e).