## W. H. KEITH v. O. D. BAILEY.

(Filed 4 April, 1923.)

**1. Statute of Frauds—Fraud—Writing—Contracts.**

To enforce a contract to convey land against the bargainee, who is the party to be charged under the provisions of the statute of frauds (C. S., 988) it is required that the written memorandum or contract shall be so reasonably certain or definite in its terms that the substance and essential elements may be understood from the written agreement itself, unaided by recourse to parol evidence.

**2. Same—Parol Evidence—Evidence.**

The owner of land entered into a contract with plaintiff to convey to' him certain lands, sufficient under the statute of frauds, C. S., 988, and plaintiff gave to defendant a paper-writing agreeing to convey the lands, which was silent as to time, terms of payment, etc. The contract to which the plaintiff testified on the trial was partly in parol and did not correspond with the written memorandum, but was inconsistent with its terms: *Held*, that the memorandum not being the contract between the parties, the plaintiff was not entitled to recover.

APPEAL by defendant from *Lyon, J.,* and a jury, at September Term, 1922, of WAKE.

On 12 April, 1920, S. A. Cannady and his wife executed a written agreement to convey to the plaintiff a tract of land containing 124½ acres at the price of $6,250, to be paid as follows: $500 cash, $1,500 on 15 December, 1920; $2,000 on 15 December, 1921; and $2,250 on 15 December, 1922. The deed was to be delivered when the plaintiff paid the last installment. Thereafter the defendant entered into negotiations with the plaintiff for the purchase of the land, and caused to be prepared the following paper, which was signed by the plaintiff and his wife on 12 June, 1920: "This is to certify that I, W. H. Keith, for and in consideration of $5, have agreed to sell to O. D. Bailey the Rat Cannady home place in Wake County, bought by me at public auction for the sum of $8,200. I agree to sell to O. D. Bailey the whole Cannady tract of land; this 12 June, 1920."

The defendant did not take possession of the land, but wrote two letters in October and one in November informing the plaintiff he was "going to ask off from their land trade," and returned to the plaintiff the paper dated 12 June.

The plaintiff then brought suit to recover damages for the defendant's failure to comply with his contract, and at the trial defendant offered no evidence, and moved for judgment of nonsuit upon the evidence introduced by the plaintiff. The motion was denied, and the defendant excepted. The verdict was as follows:

N. C.]              SPRING TERM, 1923.              263

"1. Did the defendant agree to buy the land from plaintiff at the price of $8,250, as alleged in the complaint? Answer: 'Yes.'

"2. Did defendant break said contract? Answer: 'Yes.'

"3. What damages, if any, is plaintiff entitled to recover? Answer: '$700.' "

Judgment was rendered for the plaintiff, and the defendant appealed.

*J. M. Broughton for plaintiff.*
*C. A. Hall for defendant.*

ADAMS, J. All contracts to sell or convey lands, or any interest in or concerning them, shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized. C. S., 988.

The defendant, who is the party to be charged (*Hall v. Misenheimer,* 137 N. C., 184), contends that he signed no memorandum or note in contemplation of the statute; that the contract to which the plaintiff testified at the trial was not reduced to writing; that he was under no legal obligation to purchase the land; and consequently that he is not liable in damages. *Burriss v. Starr,* 165 N. C., 657; *Boger v. Lumber Co., ibid.,* 557; *Richards v. Lumber Co.,* 158 N. C., 56; *Hall v. Misenheimer, supra; Gwarthmey v. Cason,* 74 N. C., 6.

In our estimate of the circumstances disclosed by the evidence it is unnecessary to consider the questions whether the defendant "signed" the memorandum, and, if he did, whether it contains his implied promise to pay the purchase money; for if these contentions be admitted, there is another conclusive reason why the plaintiff cannot maintain his action.

The alleged contract between the plaintiff and the defendant cannot be enforced unless it complies with the Statute of Frauds. It is a rule of general if not universal application that the memorandum of a contract to convey or to purchase land shall be reasonably certain and definite in its terms, so that the substance and essential elements may be understood from the written agreement itself, unaided by recourse to parol evidence. The written contract must adequately express the intent and obligation of the parties and all the essential elements of the agreement with reasonable certainty, and parol evidence cannot be received to supply anything which is wanting in the writing to make it the agreement on which the parties rely. *Mayer v. Adrian,* 77 N. C., 83. In *Hall v. Misenheimer, supra, Walker, J.,* said: "The statute expressly requires a contract to sell land, or some note or memorandum thereof, to be put in writing and signed by the party to be charged therewith or by his lawfully authorized agent. The Code, sec. 1554. In order, there-

fore, to charge a party upon such a contract, it must appear that there is a writing containing expressly or by implication all the material terms of the alleged agreement, which has been signed by the party to be charged, or by his agent lawfully authorized thereto."

In attempting to establish his cause of action, the plaintiff disregarded this principle. In the receipt which he gave the defendant, no time was specified when the price should be paid or the deed should be executed. We need not decide whether the failure to designate the time of payment renders the contract unenforceable against a plea of the Statute of Frauds, or whether under these circumstances a sale for cash will be presumed (*Ebert v. Cullen,* 33 L. R. A. (N. S.), 84, and note), for the plaintiff testified upon the trial to an agreement with the defendant all the terms of which were not in writing. He testified that the agreement was this: the defendant was to pay him, not the purchase price of $8,250 as shown in the receipt, but only his profit of $2,000; and then, in his exact words, "Of course, Mr. Cannady was to get the payments any way he (the defendant) wanted to pay it, and instead of Mr. Cannady making me the deed, he was to make the deed to him." This evidence related to a parol agreement which was not in compliance with the statute of frauds.

The plaintiff cannot recover on the memorandum or receipt (even if it be otherwise sufficient), because it does not embody the entire contract, nor on the agreement to which he testified at the trial, whether considered independently of or in connection with the receipt, because in either event is there no written note or memorandum signed by the party to be charged and embracing all the essential terms of the contract which the evidence tends to establish.

Upon the plaintiff's evidence the defendant was entitled to a judgment dismissing the action as in case of nonsuit. The judgment and verdict will therefore be set aside, and the action dismissed.

Reversed.