GUST SAKELLARIS AND A. PAPPAS, COPARTNERS, DOING BUSINESS AS THE BALTIMORE BILLIARD PARLOR, v. ETHEL C. WYCHE.

(Filed 20 September, 1933.)

**Evidence J a—Writing is presumed to contain all provisions of agreement and evidence of prior parol provision is incompetent.**

Plaintiff brought action for the breach of an agreement alleged to have been entered into by the parties during their negotiations for a lease of defendant's property, the agreement providing that defendant should not lease any other portion of the property for use in the business in which plaintiff was engaged. The alleged agreement was not included in the written terms of the lease contract. *Held,* in the absence of allegations of fraud or mutual mistake, evidence of the alleged agreement was incompetent as parol evidence in contradiction or variance of a written contract, it being presumed that the parties included in the written contract all provisions by which they intended to be bound.

APPEAL by plaintiffs from *Alley, J.,* at June Term, 1933, of BUN-COMBE. Affirmed.

This is an action to recover damages brought by plaintiffs against defendant, for breach of contract. The pleadings and evidence were to the effect that defendant owned a certain building situated within approximately one hundred feet of the public square in Asheville, N. C. The building was divided into three store rooms of equal size and dimension, the center store room being occupied and used as the Union Bus Terminal of Asheville, and in addition there was conducted therein a restaurant, cigar and fruit stand, the other two store rooms in said building being vacant.

One of the plaintiffs, Gust Sakellaris, and defendant entered into a written lease for one of the vacant store rooms and basement, on 25 October, 1930, for the term of five years—said lease was duly recorded. The plaintiffs, at considerable expense, opened the place up as a billiard parlor. They operated this business for sometime, and about 1 October, 1932, the agent of defendant rented the other vacant store room to William, Peter and James Lamprinokas, who opened up a billiard parlor business, and plaintiffs' business thereafter declined on this account. That in negotiating the lease with defendant's agent, he agreed not to rent any other part of the building for a billiard parlor. This covenant or agreement was left out of the lease that was signed by defendant Ethel C. Wyche and plaintiff Gust Sakellaris.

*John Y. Jordan, Jr., for plaintiffs.*
*Cathey & Cathey for defendant.*

CLARKSON, J. At the close of all the evidence the defendant made motion for judgment as in case of nonsuit. C. S., 567. The court below sustained this motion and the plaintiffs excepted, assigned error and appealed to the Supreme Court. We can see no error in the ruling of the court below. We have read the record and able briefs of the litigants carefully.

We think the well settled principle set forth in the case of *Ray v. Blackwell,* 94 N. C., 10 (12), is determinative of this controversy: "It is a rule too firmly established in the law of evidence to need a reference to authority in its support, that parol evidence will not be heard to contradict, add to, take from or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intend to be bound. 1 Greenleaf Ev., sec. 76; *Etheridge v. Palin,* 72 N. C., 213."

If there was a covenant or agreement, as contended by plaintiffs, at the time the lease was signed, it should have been included in the written lease.

In the *Ray case, supra,* at p. 13, it is said: "We do not intend to say, that if the excluded portion of the full parol agreement for renting not contained in the writing, has been left out through fraud or *mutual mistake or accident,* there is not an equitable power residing in the court for its reformation, so that it shall effectuate the common understanding, when the pleadings are framed in such a way as to admit the defense."

It may be noted that the record shows that the lease was made and executed by Gust Sakellaris and Ethel C. Wyche. The action is brought by Gust Sakellaris and A. Pappas, copartners doing business as the Baltimore Billiard Parlor. The judgment below is

Affirmed.