JOHN C. DAVIS v. ALONZO LOVICK and Wife, LAURA DAVIS LOVICK, and JEROME LOVICK.

(Filed 10 April, 1946.)

**1. Frauds, Statute of, § 1—**

Any person, plaintiff or defendant, against whom enforcement is sought may plead the statute of frauds against a contract voidable under the statute.

**2. Frauds, Statute of, § 4—**

A party is not estopped by his pleading from asserting the defense of the statute of frauds unless the pleading asserts the voidable contract as a necessary basis for the relief sought, and the mere recital of the parol agreement in the pleading does not adopt it or ratify it or waive the right to thereafter assert the statute in subsequent pleadings.

**3. Same—Complaint held to state cause in ejectment regardless of verbal agreement and plaintiff was not estopped from pleading statute in reply.**

Plaintiff alleged that he was life tenant of the *locus in quo* and the *feme* defendant the remainderman, that the *feme* defendant went into possession under a parol agreement to pay a stipulated sum yearly rental to the life tenant, with proviso that the amount should be increased as his necessities might require, that he had demanded an increased rental which defendant had refused to pay, and that he had thereupon demanded possession. Defendant admitted the allegations except that relating to provision for increase of rental in the parol agreement. *Held:* The complaint is good in an action in ejectment independently of the rental contract, and plaintiff was not estopped from pleading the statute of frauds in his reply against the verbal agreement.

**4. Frauds, Statute of, § 11—**

An agreement by the remainderman to rent the *locus in quo* from the life tenant for the entire period of the life estate is for an indefinite term and one which may last beyond three years and therefore such agreement comes within the statute of frauds, G. S., 22-2.

**5. Landlord and Tenant § 6—**

Where the statute of frauds is effectively pleaded to a verbal agreement by the remainderman to rent the premises for the duration of the life

estate, the remainderman becomes a tenant at will whose occupancy may be terminated *instanter* by demand for possession.

APPEAL by plaintiff from *Bone, J.,* at September Term, 1945, of LENOIR.

The plaintiff divided his land amongst his children, including the defendant Laura Davis Lovick, an illegitimate daughter, conveying to each of them by deed in fee the remainder after reserving to himself and wife a life estate. The wife is now dead. He alleges that by parol agreement he rented his life estate in their respective shares to each of his children, upon a rental of $100 per year, with the proviso that the rental should be increased as his necessities might require; and the defendant Laura Lovick went into the possession of the premises, and with her husband has remained there since, sometimes subrenting to her codefendant, Jerome Lovick, but remaining in control.

Plaintiff alleges that he notified the defendant Laura Lovick that because of his increased need, the rent for the year 1944 and subsequent years would be increased, but that said defendant notified him that she would not pay him any additional rental. Thereupon, the plaintiff demanded possession of the land, which possession was refused. The defendant Laura Davis Lovick and her codefendants replied to the complaint, denying that the rental agreement made at the time Laura Davis Lovick was put in possession of the premises contained any provision for increase of rent, admitting, however, that she held by deed from the plaintiff, subject to his life estate, and that she went into possession under contract of rental for the entire duration of plaintiff's life estate in the land. It is admitted that the rental contract was in parol.

The plaintiff replied, reiterating his first declaration as to the terms of the parol rental contract, and pleading the statute of frauds. G. S., 22-2.

Leaving out of consideration extraneous matter immaterial to the issue, the evidence of the plaintiff recapitulates the allegations of his pleading. The defendants offered no evidence, but at the close of plaintiff's evidence moved for judgment of nonsuit, which was allowed. The plaintiff appealed.

*Whitaker & Jeffress for plaintiff, appellant.*
*J. A. Jones for defendants, appellees.*

SEAWELL, J. The decision in this case turns upon the availability to the plaintiff of his plea of the statute of frauds against the parol rental contract upon which defendants rely for their defense in retaining possession of lands reserved by plaintiff in his life estate. The defendant

appellees argue that the plaintiff has asserted the parol contract, relies upon it for his cause of action and relief, and is therefore estopped from pleading the statute or obtaining any relief through it. We are of the opinion the position is not well taken.

The plaintiff brought his action in the Superior Court after dismissal of a summary proceeding in the court of a justice of the peace based on the supposed rental agreement. The defendants' counsel, seeming to have correctly divined the nature of the action, made no plea to the jurisdiction, which should have resulted in dismissal if their present position is sound.

However informal it may be—and we do not criticize it in that respect—the complaint is good in an action of ejectment, and, independently of the rental contract, sets up all the essentials for recovery in such an action when supported by proof. In point of fact, the defendants admit all the allegations of the complaint material to plaintiff's recovery and rely solely on the parol contract.

The plea of the statute is available to any person against whom it is sought to enforce a parol agreement obnoxious to its terms, plaintiff or defendant. He may waive it or invoke it, as he sees fit—*Allison v. Steele,* 220 N. C., 318, 17 S. E. (2d), 339—but he will not be deemed to have waived it where there is no necessary reliance upon it for the relief sought in the complaint, and in the face of his express plea of the statute.

The mere recital of the parol agreement in the complaint does not adopt it or ratify it, or fix plaintiff with reliance upon it for his cause of action. *Neal v. Trust Co.,* 224 N. C., 103, 106, 29 S. E. (2d), 206; *Grantham v. Grantham,* 205 N. C., 363, 171 S. E., 331. In the instant case it was competent for the plaintiff to set up the parol agreement for the purpose of showing the circumstances under which the defendants came into possession of the land, or its invalidity as a defense to an action for its recovery. An analogous situation is presented in *Grantham v. Grantham, supra.*

The plea of the statute occurs in plaintiff's reply to the answer, in which it is independently set up. Its occurrence in this way does not alter the legal principles which we have applied. The plea of the statute was open to the plaintiff, and it was properly pleaded.

The cited statute, G. S., 22-2, provides that ". . . all . . . leases and contracts for leasing lands exceeding in duration three years from the making thereof shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith or by some other person by him thereto lawfully authorized."

While they differ in particulars not material to this review, both versions of the parol agreement—that given by the plaintiff and that

given by the defendants—bring it within this statute. The agreement clearly contemplated the leasing of the land for the entire period of the life estate, four years of which had already passed when the action began, and an indefinite period of which is yet to follow.

This statute has been repeatedly interpreted as applying to a lease for an indefinite term or for one which may last beyond the three-year period to which a parol lease is limited. *Barbee v. Lamb,* 225 N. C., 211, 34 S. E. (2d), 65; *Love v. Edmonston,* 23 N. C., 152; *Wright v. Allred, ante,* 113.

The invalidity of the rental contract leaves the defendants in the position of tenants at will, whose occupancy may be terminated *instanter* by demand for possession. *Barbee v. Lamb, supra,* p. 213, and cases cited. The demand is admitted.

It does not clearly appear upon what theory the court below ordered a nonsuit or dismissed the case. Apparently, however, it was regarded as a valid rental contract, and nonsuit seems to have been allowed on the contention of the defendants that the provision in the contract, as alleged by the plaintiff, providing for an increase in the rents, even if admitted in truth and in fact, was too vague for enforcement. At least, that is the theory presented to the Court here.

The judgment of nonsuit is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.