MELODY KENT v. FLETCHER HUMPHRIES and H & W PLASTICS, INC.

No. 80ISC476

(Filed 17 February 1981)

### 1. Frauds, Statute of § 1— statute of frauds inapplicable

Plaintiff's claims of fraud, unfair trade practices, and nuisance, not sound-
ing in contract, were not precluded by the statute of frauds, G.S. 22-2, since that
statute is an affirmative defense to recovery on an oral contract of lease for a
period in excess of three years.

### 2. Frauds, Statute of § 6— five year oral lease — statute applicable

Summary judgment was properly entered for defendant on plaintiff's con-
tract claim because the oral five year lease upon which plaintiff's claim necessar-
ily relied was void as a matter of law under the statute of frauds, and a written
lease, tendered and signed by defendant but not signed by plaintiff, could not be
admitted as a partial memorandum of the oral lease, to be aided by parol evi-
dence, since plaintiff's own deposition established the inconsistencies between
the oral lease under which she sought to recover and the written lease she offered
as a memorandum thereof, and the written lease did not contain the alleged
covenant not to operate a plastics plant in the same shopping center in which
plaintiff operated a beauty shop.

### 3. Landlord and Tenant § 15— property right in premises for period rent paid — tenant's action for nuisance

Where plaintiff entered premises under a void lease and was therefore a
tenant at will, she nevertheless had a fixed property right in the premises during
the period for which she had already paid rent; therefore, plaintiff's nuisance
claim would have to stand or fall on a determination of whether, at the time she
vacated the premises on 3 March 1978, defendant had already accepted rent from
her for that portion of March, and this was a genuine issue of material fact to be
determined by a jury.

### 4. Fraud § 12— lease of shopping center space — fraud by landlord — summary judgment improper

The trial court erred in entering summary judgment for defendant on plain-
tiff's claim of fraud where plaintiff alleged that defendant represented to her that
he would not operate a plastics plant in the shopping center area where she
intended to lease space for a beauty shop; plaintiff alleged that she would not rent
space in the shopping center if the plastics plant was nearby; defendant repre-
sented to a third person, before his dealings with plaintiff, that he intended to
operate a plastics plant in the shopping center; and plaintiff's reliance on defend-
ant's alleged representation appeared from her complaint and deposition to have
resulted in considerable loss to her due to the expense of outfitting the beauty
shop only to be forced to abandon it soon thereafter and from her entry into
long-term contracts based upon her continued occupancy of the beauty shop
premises.

5. Unfair Competition § 1— rental of commercial property — trade or commerce

   The rental of commercial property is trade or commerce within the meaning of G.S. 75-1.1, and plaintiff's complaint and depositions which were sufficient to support a fraud claim would also support her claim for unfair or deceptive acts or practices.

6. Rules of Civil Procedure § 37— expenses incurred in compelling discovery — denial of attorney's fees improper

   The trial court erred in denying plaintiff attorney's fees for the expense of compelling discovery where the trial court's justification bore no relation whatsoever to the matter before it on the hearing on plaintiff's motion to compel, and the court was required by the mandatory language of G.S. 1A-1, Rule 37(a)(4) to order defendant to pay plaintiff's attorney's fees.

   Judge HEDRICK concurring in part and dissenting in part.

APPEAL by plaintiff from *Brown, Judge*, of summary judgment on claims of fraud, breach of contract of lease, unfair trade practices, and nuisance; and of order granting defendants leave to amend their answer to plead the statute of frauds. Both entered 18 January 1980. Appeal by plaintiff from *Small, Judge*, of order denying plaintiff attorney's fees for the expense of compelling discovery, said order entered 11 April 1979 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 11 November 1980.

On 28 April 1978, plaintiff Melody Kent filed a complaint alleging fraud, unfair trade practices, breach of lease, and nuisance. Her action was instituted against defendant Fletcher Humphries and his fiberglass manufacturing enterprise, defendant H & W Plastics, Inc., based upon defendants' manufacture of plastic and fiberglass products in defendant Humphries' shopping center in Moyock, where plaintiff rented space and operated a beauty shop. Plaintiff alleged that in August 1976 she and defendant Humphries had orally agreed to a five-year lease at a fixed rental of $113-$115 per month, with the option to renew for an additional five years. Plaintiff was to complete the interior of the leased space. Plaintiff further alleged that defendant had represented to her that he would not operate the plastics plant in or around the shopping center and, when plaintiff's husband discovered in January 1977 that defendant was engaged in plastics and fiberglass manufacture behind the shopping center, that defendant represented to her husband that he would cease manufacture within three months, well before plaintiff was to move into her beauty shop space.

Plaintiff alleges that she moved into the leased area and began to operate her beauty shop on 1 April 1977, and that on that date, defendant Humphries tendered a written and signed five-year lease which plaintiff refused to sign because it varied materially from the terms of the oral agreement in that it required higher rent, required that she leave behind all heating and air conditioning equipment upon termination, failed to include defendant Humphries' oral promise not to operate H & W Plastics in the vicinity of the shopping center, and did not contain the agreed upon floor space. Plaintiff alleges that the noxious chemical fumes from the defendant's manufacturing activities made her physically ill and eventually forced her to vacate the premises. She alleges personal injuries, loss of profits, loss of the value of her improvements to the rented space, and losses on long-term contracts entered into in consequence of her occupancy in the shopping center.

Plaintiff filed two sets of interrogatories and several requests to produce documents. Defendant failed to answer certain interrogatories and to produce certain documents. Plaintiff filed a motion to compel discovery seeking attorney's fees and expenses under G.S. 1A-1, Rule 37. Judge Small granted the motion to compel discovery and also granted expenses, but denied attorney's fees.

Plaintiff filed a request for admissions with explanatory interrogatories on 1 November 1979 to which defendant responded by filing a motion for a protective order, alleging that this additional discovery was repetitious and intended solely to harass defendant.

Defendant moved for summary judgment on 29 November and plaintiff moved to compel discovery on 4 December 1979. At the hearing on all these motions, defendants moved to amend their answer to plead the statute of frauds, G.S. 22-2.

On the motion for summary judgment, Judge Brown had before him the pleadings, several affidavits, answers to interrogatories, certain documents, and the depositions of plaintiff Melody Kent, defendant Fletcher Humphries, and Larry Bryant, a former employee of defendant H & W Plastics, Inc.

Plaintiff's deposition and affidavit corroborate the factual allegations in her complaint and suggest that she suffered headaches, chest pains, disorientation, nausea, and hallucinations as a result of her exposure to defendants' chemical fumes, that plaintiff's husband made the improvements necessary for the operation of a

beauty shop in plaintiff's rented space in the shopping center, and that plaintiff did not herself inspect the premises or observe that the defendants' manufacturing process was being carried out thereon until after taking possession of the rented space. The deposition of Larry Bryant tended to show that in early 1976 defendant Humphries represented to Bryant that he intended to maintain a plastics and fiberglass operation at the shopping center, and that plaintiff complained about defendants' chemical fumes on several occasions.

Humphries, in his deposition, stated that he had at all times intended to operate his plant on the shopping center premises and had never told plaintiff otherwise.

Judge Brown granted defendants' motion to amend and then granted defendants' motion for summary judgment as to all claims.

*Sanford, Adams, McCullough & Beard by J. Allen Adams and Catharine B. Arrowood for plaintiff appellant.*

*White, Hall, Mullen, Brumsey & Small by Gerald F. White and William Brumsey, III for defendant appellees.*

CLARK, Judge.

**[1]** Plaintiff first argues that the amendment of defendants' answer to plead the statute of frauds was irrelevant to her claims of fraud, unfair trade practices, and nuisance. We agree. The statute of frauds, G.S. 22-2, is an affirmative defense to recovery on an oral contract of lease for a period in excess of three years. The statute of frauds, then, even if properly pleaded and proven, could do no more than bar plaintiff's recovery on her contractual claim. Her claims of fraud, unfair trade practices, and nuisance, not sounding in contract, were thus not precluded by G.S. 22-2. Whether there were other grounds for summary judgment as to these three claims will be discussed after an examination of the propriety of the granting of summary judgment as to plaintiff's contract claim.

We are presented with two versions of the agreement of lease: the written lease, signed by Humphries, and the earlier oral lease. We believe plaintiff is precluded from relying on the written lease because her own deposition testimony reveals that the written lease was no more than a proposal by defendant, that plaintiff found the proposal unacceptable because it varied from the parties' earlier

oral agreement, that because it varied from the oral agreement she refused to sign it, and that she considered the earlier oral lease in effect. For plaintiff to succeed on her contract claim then, she would have to rely on the oral lease.

[2]    Plaintiff may not rely on the oral lease, however, because it is barred by the statute of frauds, G.S. 22-2, which provides that, "all ... leases and contracts for leasing land exceeding in duration three years ... shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged ...." Plaintiff suggests that the written lease, which she refused to sign, should be admitted as a partial memorandum of the oral lease, to be aided by parol evidence. We disagree. Were the memorandum plaintiff offered merely sketchy, we believe that details not included in the writing could properly be supplemented by parol testimony, *see, e.g., McGee v. Craven,* 106 N.C. 351, 11 S.E. 375 (1890); but to qualify as a memorandum to take an oral lease out of the statute, the writing must, at the very least, show all of the essential elements of the agreement, *see Hall v. Misenheimer,* 137 N.C. 183, 49 S.E. 104 (1904), and those elements set out in the writing must not contradict the terms of the oral lease sought to be proved, *see Keith v. Bailey,* 185 N.C. 262, 116 S.E. 729 (1923). Plaintiff, in her own deposition, establishes the inconsistencies between the oral lease she seeks to recover under, and the written lease she offers as a memorandum thereof. As noted by our Supreme Court in a somewhat similar case:

> "The plaintiff cannot recover on the memorandum or receipt (even if it be otherwise sufficient), because it does not embody the entire contract, nor on the agreement to which he testified at the trial, whether considered independently of or in connection with the receipt, because in either event is there no written note or memorandum signed by the party to be charged and embracing all the essential terms of the contract which the evidence tends to establish."

*Id.* at 264, 116 S.E. at 730.

We note further that even if the writing were allowed to take the oral lease out of the statute of frauds, the writing does not contain the alleged covenant not to operate a plastics plant in the shopping center. "Covenants limiting the use of real property are

within the scope of the statute of frauds," *Herring v. Merchandise, Inc.*, 249 N.C. 221, 226, 106 S.E. 2d 197, 201, 78 A.L.R. 2d 927, 932 (1958), and such a covenant not included in a written lease cannot be proved by parol testimony, *Sakellaris v. Wyche*, 205 N.C. 173, 170 S.E. 638 (1933). Plaintiff therefore could not recover for breach of defendant Humphries' alleged covenant even if the lease were proved.

Since the writing is not allowed, and the lease is void, plaintiff has no underlying contract upon which to base an implied covenant of quiet enjoyment. Although "[e]very demise implies a warranty for quiet enjoyment, unless the contrary be expressed . . . ," *McKesson v. Mendenhall*, 64 N.C. 502, 505 (1870), plaintiff is precluded in this action from proving the demise, and thus from implying the covenant. *See* 49 Am. Jur. 2d *Landlord and Tenant* § 330 (1970).

We hold that summary judgment on plaintiff's contract claim was properly entered because the five-year lease upon which plaintiff's contract claim necessarily relied was void as a matter of law under the statute of frauds, G.S. 22-2. We agree with plaintiff, however, that the statute of frauds is a good defense only to the claims based in contract, and must now examine plaintiff's other claims to determine whether summary judgment was properly entered in each case.

[3] For plaintiff to recover in nuisance, she must show an unreasonable interference with the use and enjoyment of her property. *Barrier v. Troutman*, 231 N.C. 47, 55 S.E. 2d 923 (1949). In deciding appeal of a summary judgment, we must consider all pleadings, affidavits, and depositions in the light most favorable to plaintiff. *Brice v. Moore*, 30 N.C. App. 365, 226 S.E. 2d 882 (1976). Taken in the light most favorable to her, plaintiff's deposition clearly establishes an interference with her use and enjoyment of the beauty shop. Reasonableness of the defendants' interference is a factual question that must go to the jury *if* plaintiff held a sufficient property right in the rented space to otherwise support a nuisance action. Defendants point out that plaintiff was no more than a tenant at will by virtue of her entry under a void lease and argue that since Humphries had the right to terminate the tenancy *instanter*, his constructive eviction of her by the maintenance of the plastics plant and the emission of noxious vapors was not inconsistent with the very limited property rights she held as a tenant at will.

We first note, with regret, that defendants are correct in characterizing plaintiff's tenancy as one at will. We believe the better reasoned and more modern view would be that plaintiff's tenancy at will was converted into a tenancy from month-to-month when she began paying a monthly rental. We believe such a view would more fairly distribute the rights and liabilities of landlord and tenant when a tenant enters premises under a lease unaware that it is void under the statute of frauds and begins paying rent in accord with the void lease. As a tenant from month-to-month, plaintiff would have been entitled to seven days' notice, under G.S. 42-14, before the tenancy could be terminated, and would clearly have a sufficient property right to support an action in nuisance where, as here, her use of the property was disturbed during a period and without the required notice. Most modern authorities suggest that entry under a lease void under the statute of frauds creates a periodic tenancy, usually based on the rental period. *See* Restatement (Second) of Property, Landlord and Tenant § 2.3 (1977); 1 American Law of Property § 3.27 (A.J. Casner ed. 1952); 49 Am. Jur. 2d *Landlord and Tenant* §§ 48-50 (1970). The majority of jurisdictions follow the rule that payment of rent under the void lease converts the tenancy at will to a periodic tenancy. Annot., *Character and Duration of Tenancy Created by Entry Under Invalid or Unenforceable Lease*, 6 A.L.R. 2d 685 (1949).

Dicta in two North Carolina cases have suggested that our Supreme Court would follow the majority rule. *See Ingram v. Corbit*, 177 N.C. 319, 99 S.E. 18 (1919) (Clark, C.J.); *Barbee v. Lamb*, 225 N.C. 211, 34 S.E. 2d 65 (1945). At least one authority appears to have been misled by these dicta. *See* J. Webster, Real Estate Law in North Carolina § 80 (1971) ("if the lessee goes into possession under such unenforceable lease and pays the rent pursuant to the agreement, a tenancy from period to period is created." Citing *Ingram, supra.*) These dicta and Professor Webster's statement, however, are contradicted by square holdings in two other cases to the effect that, regardless of the landlord's acceptance of rental payments, the tenancy is never converted into one from period-to-period, but remains a tenancy at will. *Mauney v. Norvell*, 179 N.C. 628, 103 S.E. 372 (1920) (Clark, C.J.); *Davis v. Lovick*, 226 N.C. 252, 37 S.E. 2d 680 (1946). This Court has followed these precedents once before, *Stout v. Crutchfield*, 21 N.C. App. 387, 204 S.E. 2d 541, *cert. denied*, 285 N.C. 595, 205 S.E. 2d 726 (1974), and although we now question whether this rule adequately recognizes the interest and expecta-

Kent v. Humphries

tions of tenant as well as landlord, we are constrained to continue to follow the rule until our Supreme Court is faced with an appropriate set of facts to allow it to reconsider and, in its wisdom, change the rule.

As a tenant at will, the plaintiff's interest in the property could be terminated *instanter* by defendant. *Barbee v. Lamb, supra; Davis v. Lovick, supra. See* Webster, *supra*, § 96; Strong's N.C. Index 3d, *Landlord and Tenant* § 15 (1977). Thus the defendant suggests that the constructive eviction of plaintiff was within defendant's rights under the tenancy at will and could come at any time. We cannot go so far.

We believe that even under a tenancy at will the method of paying the rent is significant. The significance of the method of payment is not that the defendant should be finally estopped by his acceptance of payments from ever asserting his rights under the tenancy at will, *see Mauney v. Norvell,* 179 N.C. at 630, 103 S.E. at 373, but rather that he might be estopped from asserting those rights if he had already accepted rent for the period during which he constructively evicted his tenant at will. If defendant received his rent in arrears, we are inclined to agree with defendant that he could demand possession *instanter, at any time* during the tenancy; however, if defendant received rent in advance, we believe he should be estopped from asserting the character of the tenancy at will as a defense to an action for nuisance. Even as a tenant at will, plaintiff's payment of rent in advance should secure for her a sufficient property right in the premises, at least for the period for which defendant accepted the rent, to support her nuisance claim.

We do not see this interpretation of plaintiff's rights as inconsistent with her status as a tenant at will. Defendant may still terminate the tenancy *instanter*, but not during a period for which he has already accepted rent. He could refuse to accept rent tendered at the first of the month for the coming month without notice and demand immediate possession of the premises; such is the essence of a tenancy at will. He could not, however, accept rent for the coming month and then terminate the tenancy in the middle of that month. Even under a tenancy at will we believe a tenant has a fixed property right in the premises during the period for which she has already paid the rent.

The record indicates that plaintiff vacated the beauty shop

premises on 3 March 1978. Under the foregoing analysis plaintiff's nuisance claim must stand or fall on a determination of whether at that time defendant had already accepted rent from plaintiff for that portion of March. This is a genuine issue of material fact. If the rent was paid in advance, then plaintiff will be entitled to maintain her action for nuisance subject to a determination by a finder of fact of the reasonableness of defendant's interference with her property right.

[4]   Summary judgment on plaintiff's fraud claim was improperly entered. To overcome defendants' motion, plaintiff needed only to forecast evidence (1) that defendant made a definite and specific representation to her that was materially false; (2) that defendant made the representation with knowledge of its falsity; and (3) that plaintiff reasonably relied on the representation to her detriment. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974).

Plaintiff's deposition tended to show that in August 1976 defendant represented to her that he would not operate a plastics plant in the shopping center area. Her statement in the complaint and again in her deposition that she would not rent space in the shopping center if the plastics plant was nearby establishes the materiality of this representation.

The requirement that the representation be made with knowledge of its falsity is satisfied by the deposition testimony of Larry Bryant, which tends to show that defendant represented to Bryant in early 1976 ("getting close to the summer"), that he intended to operate a plastics plant in the shopping center. Although a statement of future intent will not ordinarily support an action for fraud, *Pierce v. Insurance Co.*, 240 N.C. 567, 83 S.E. 2d 493 (1954), where it appears that the promisor at the time of making the representation of future intent, in fact had no intention of complying therewith, the state of mind of the promisor is a subsisting fact such as will support an action in fraud. *See Cofield v. Griffin*, 238 N.C. 377, 78 S.E. 2d 131, 40 A.L.R. 2d 966 (1953).

Plaintiff's reliance on defendant Humphries' alleged representation appears from her complaint and deposition to have resulted in considerable loss to her due to the expense of outfitting the beauty shop only to be forced to abandon it soon thereafter and from her entry into long-term contracts based upon her continued occupancy of the beauty shop premises. Whether her reliance was reasonable

must be left to the jury. We hold that reliance on defendant's representations could not be held unreasonable as a matter of law, so as to support an entry of summary judgment, in light of the statements by plaintiff in her deposition that "At the time I occupied my space on April 1, 1977, I didn't know H & W Plastics was in there."

**[5]** Plaintiff's claim for treble damages under G.S. 75-16 for unfair trade practices should have survived defendants' motion for summary judgment. G.S. 75-1.1 defines unfair trade practices as "unfair or deceptive acts or practices in or affecting commerce." Our holding that plaintiff's depositions support her fraud claim necessitates our holding that the depositions likewise support her claim for "unfair or deceptive acts or practices." *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975). This Court has previously held that "the rental of residential housing is 'trade or commerce' under 75-1.1." *Love v. Pressley*, 34 N.C. App. 503, 516, 239 S.E. 2d 574, 583 (1977), *disc. rev. denied*, 294 N.C. 441, 241 S.E. 2d 843 (1978). We hold that if the renting of residential property satisfies the "in or affecting commerce" language of G.S. 75-1.1, then *a fortiori* the renting of commercial property must similarly satisfy the statutory requirement.

We conclude that the trial court's entry of summary judgment for defendants on plaintiff's claims of nuisance, fraud, and unfair trade practices must be reversed.

Plaintiff argues that the trial court abused its discretion in granting defendants' motion to amend their answer to plead the statute of frauds. We have examined the circumstances surrounding the defendants' motion to amend and in light of the admonition of G.S. 1A-1, Rule 15(a) that leave to amend "shall be freely given," cannot say that the trial court's granting of said motion constituted a clear abuse of discretion. Plaintiff's assignment of error to the granting of the motion to amend defendants' answer is overruled.

Plaintiff's final two assignments of error relate to her considerable difficulty in compelling discovery of defendants.

**[6]** Plaintiff's first motion to compel discovery was based on defendants' failure to respond to plaintiff's first set of interrogatories, their incomplete responses to plaintiff's second set of interrogatories, and their failure to produce certain requested documents. This motion was granted in an order by Judge Small after a hearing

on the matter. The order, entered 11 April 1979, granted plaintiff the expenses incurred in compelling discovery, but denied plaintiff attorney's fees. G.S. 1A-1, Rule 37(a)(4) provides that when a motion to compel discovery is granted, "the court shall ... require the party ... whose conduct necessitated the motion or the party advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, *including attorney's fees, unless the court finds that the opposition to the motion was substantially justified* or that other circumstances make an award of expenses unjust." (Emphasis added.) The judge recited in the order that the opposition was substantially justified under Rule 37(a)(2) which provides, "When taking a deposition on oral examination, the proponent of the question shall complete the examination on all other matters before he adjourns the examination in order to apply for an order." The judge fails to explain how this provision of Rule 37 could possibly justify defendant's failure to answer. We hold that it could not. The provision quoted in the order is clearly applicable only to a Rule 30 "deposition on oral examination." This motion was based on a failure to produce documents under Rule 34 and to answer interrogatories under Rule 33. Since the asserted justification bears no relation whatsoever to the matter before the court on the hearing on the motion to compel, the court was required by the mandatory language of Rule 37(a)(4) to order defendant to pay plaintiff's attorney's fees. The court erred in failing so to order.

Plaintiff's second motion to compel discovery was based on defendants' failure to respond to plaintiff's requests for admissions and explanatory interrogatories. Defendants had previously filed a motion for a protective order on the grounds that these requests for admissions and interrogatories were repetitious and intended primarily to harass defendants. The trial court heard arguments on these two motions along with arguments on the summary judgment motion. The court granted the summary judgment motion, but failed to rule on the motions for protective order and to compel discovery. In light of our holding that plaintiff's claims for fraud, unfair trade practices, and nuisance ought to go to trial, the trial court will need to hold a hearing and make a ruling on these motions before proceeding on plaintiff's remaining claims.

Summary judgment as to plaintiff's claim for breach of contract of lease is affirmed. Summary judgment on plaintiff's claims for nuisance, fraud, and unfair trade practices is reversed and

American Foods v. Farms, Inc.

remanded. The order of 18 January 1980 granting defendants' motion to amend their answer to plead the statute of frauds is affirmed. The order of 11 April 1979 granting plaintiff's motion to compel discovery is remanded with instructions that it be amended to award plaintiff reasonable attorney's fees.

Affirmed in part; reversed and remanded in part.

Judge WHICHARD concurs.

Judge HEDRICK concurs in part and dissents in part.

Judge HEDRICK dissenting.

In my opinion, plaintiff's property interest is not such as would allow her to maintain her claim for nuisance.