275 S.E.2d 176 (1981)
Melody KENT
v.
Fletcher HUMPHRIES and H & W Plastics, Inc.
No. 801SC476.
Court of Appeals of North Carolina.
February 17, 1981.
Discretionary Review Allowed April 7, 1981.
*179 Sanford, Adams, McCullough & Beard by J. Allen Adams and Catharine B. Arrowood, Raleigh, for plaintiff-appellant.
White, Hall, Mullen, Brumsey & Small by Gerald F. White and William Brumsey, III, Elizabeth City, for defendants-appellees.
Discretionary Review Allowed by Supreme Court April 7, 1981.
CLARK, Judge.
Plaintiff first argues that the amendment of defendants' answer to plead the statute of frauds was irrelevant to her claims of fraud, unfair trade practices, and nuisance. We agree. The statute of frauds, G.S. 22-2, is an affirmative defense to recovery on an oral contract of lease for a period in excess of three years. The statute of frauds, then, even if properly pleaded and proven, could do no more than bar plaintiff's recovery on her contractual claim. Her claims of fraud, unfair trade practices, and nuisance, not sounding in contract, were thus not precluded by G.S. 22-2. Whether there were other grounds for summary judgment as to these three claims will be discussed after an examination of the propriety of the granting of summary judgment as to plaintiff's contract claim.
We are presented with two versions of the agreement of lease: the written lease, signed by Humphries, and the earlier *180 oral lease. We believe plaintiff is precluded from relying on the written lease because her own deposition testimony reveals that the written lease was no more than a proposal by defendant, that plaintiff found the proposal unacceptable because it varied from the parties' earlier oral agreement, that because it varied from the oral agreement she refused to sign it, and that she considered the earlier oral lease in effect. For plaintiff to succeed on her contract claim then, she would have to rely on the oral lease.
Plaintiff may not rely on the oral lease, however, because it is barred by the statute of frauds, G.S. 22-2, which provides that, "all ... leases and contracts for leasing land exceeding in duration three years... shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged ...." Plaintiff suggests that the written lease, which she refused to sign, should be admitted as a partial memorandum of the oral lease, to be aided by parol evidence. We disagree. Were the memorandum plaintiff offered merely sketchy, we believe that details not included in the writing could properly be supplemented by parol testimony, see, e. g., McGee v. Craven, 106 N.C. 351, 11 S.E. 375 (1890); but to qualify as a memorandum to take an oral lease out of the statute, the writing must, at the very least, show all of the essential elements of the agreement, see Hall v. Misenheimer, 137 N.C. 183, 49 S.E. 104 (1904), and those elements set out in the writing must not contradict the terms of the oral lease sought to be proved, see Keith v. Bailey, 185 N.C. 262, 116 S.E. 729 (1923). Plaintiff, in her own deposition, establishes the inconsistencies between the oral lease she seeks to recover under, and the written lease she offers as a memorandum thereof. As noted by our Supreme Court in a somewhat similar case:
"The plaintiff cannot recover on the memorandum or receipt (even if it be otherwise sufficient), because it does not embody the entire contract, nor on the agreement to which he testified at the trial, whether considered independently of or in connection with the receipt, because in either event is there no written note or memorandum signed by the party to be charged and embracing all the essential terms of the contract which the evidence tends to establish."
Id. at 264, 116 S.E. at 730.
We note further that even if the writing were allowed to take the oral lease out of the statute of frauds, the writing does not contain the alleged covenant not to operate a plastics plant in the shopping center. "Covenants limiting the use of real property are within the scope of the statute of frauds," Herring v. Merchandise, Inc., 249 N.C. 221, 226, 106 S.E.2d 197, 201, 78 A.L.R.2d 927, 932 (1958), and such a covenant not included in a written lease cannot be proved by parol testimony, Sakellaris v. Wyche, 205 N.C. 173, 170 S.E. 638 (1933). Plaintiff therefore could not recover for breach of defendant Humphries' alleged covenant even if the lease were proved.
Since the writing is not allowed, and the lease is void, plaintiff has no underlying contract upon which to base an implied covenant of quiet enjoyment. Although "[e]very demise implies a warranty for quiet enjoyment, unless the contrary be expressed...," McKesson v. Mendenhall, 64 N.C. 502, 505 (1870), plaintiff is precluded in this action from proving the demise, and thus from implying the covenant. See 49 Am.Jur.2d Landlord and Tenant § 330 (1970).
We hold that summary judgment on plaintiff's contract claim was properly entered because the five-year lease upon which plaintiff's contract claim necessarily relied was void as a matter of law under the statute of frauds, G.S. 22-2. We agree with plaintiff, however, that the statute of frauds is a good defense only to the claims based in contract, and must now examine plaintiff's other claims to determine whether summary judgment was properly entered in each case.
For plaintiff to recover in nuisance, she must show an unreasonable interference *181 with the use and enjoyment of her property. Barrier v. Troutman, 231 N.C. 47, 55 S.E.2d 923 (1949). In deciding appeal of a summary judgment, we must consider all pleadings, affidavits, and depositions in the light most favorable to plaintiff. Brice v. Moore, 30 N.C.App. 365, 226 S.E.2d 882 (1976). Taken in the light most favorable to her, plaintiff's deposition clearly establishes an interference with her use and enjoyment of the beauty shop. Reasonableness of the defendants' interference is a factual question that must go to the jury if plaintiff held a sufficient property right in the rented space to otherwise support a nuisance action. Defendants point out that plaintiff was no more than a tenant at will by virtue of her entry under a void lease and argue that since Humphries had the right to terminate the tenancy instanter, his constructive eviction of her by the maintenance of the plastics plant and the emission of noxious vapors was not inconsistent with the very limited property rights she held as a tenant at will.
We first note, with regret, that defendants are correct in characterizing plaintiff's tenancy as one at will. We believe the better reasoned and more modern view would be that plaintiff's tenancy at will was converted into a tenancy from month-to-month when she began paying a monthly rental. We believe such a view would more fairly distribute the rights and liabilities of landlord and tenant when a tenant enters premises under a lease unaware that it is void under the statute of frauds and begins paying rent in accord with the void lease. As a tenant from month-to-month, plaintiff would have been entitled to seven days' notice, under G.S. 42-14, before the tenancy could be terminated, and would clearly have a sufficient property right to support an action in nuisance where, as here, her use of the property was disturbed during a period and without the required notice. Most modern authorities suggest that entry under a lease void under the statute of frauds creates a periodic tenancy, usually based on the rental period. See Restatement (Second) of Property, Landlord and Tenant § 2.3 (1977); 1 American Law of Property § 3.27 (A.J. Casner ed. 1952); 49 Am.Jur.2d Landlord and Tenant §§ 48-50 (1970). The majority of jurisdictions follow the rule that payment of rent under the void lease converts the tenancy at will to a periodic tenancy. Annot., Character and Duration of Tenancy Created by Entry Under Invalid or Unenforceable Lease, 6 A.L.R.2d 685 (1949).
Dicta in two North Carolina cases have suggested that our Supreme Court would follow the majority rule. See Ingram v. Corbit, 177 N.C. 318, 319, 99 S.E. 18 (1919) (Clark, C. J.); Barbee v. Lamb, 225 N.C. 211, 34 S.E.2d 65 (1945). At least one authority appears to have been misled by these dicta. See J. Webster, Real Estate Law in North Carolina § 80 (1971) ("if the lessee goes into possession under such unenforceable lease and pays the rent pursuant to the agreement, a tenancy from period to period is created." Citing Ingram, supra.) These dicta and Professor Webster's statement, however, are contradicted by square holdings in two other cases to the effect that, regardless of the landlord's acceptance of rental payments, the tenancy is never converted into one from period-to-period, but remains a tenancy at will. Mauney v. Norvell, 179 N.C. 628, 103 S.E. 372 (1920) (Clark, C. J.); Davis v. Lovick, 226 N.C. 252, 37 S.E.2d 680 (1946). This Court has followed these precedents once before, Stout v. Crutchfield, 21 N.C.App. 387, 204 S.E.2d 541, cert. denied, 285 N.C. 595, 205 S.E.2d 726 (1974), and although we now question whether this rule adequately recognizes the interest and expectations of tenant as well as landlord, we are constrained to continue to follow the rule until our Supreme Court is faced with an appropriate set of facts to allow it to reconsider and, in its wisdom, change the rule.
As a tenant at will, the plaintiff's interest in the property could be terminated instanter by defendant. Barbee v. Lamb, supra; Davis v. Lovick, supra. See Webster, supra, § 96; Strong's N.C.Index 3d, Landlord and Tenant § 15 (1977). Thus the defendant suggests that the constructive eviction of plaintiff was within defendant's rights under *182 the tenancy at will and could come at any time. We cannot go so far.
We believe that even under a tenancy at will the method of paying the rent is significant. The significance of the method of payment is not that the defendant should be finally estopped by his acceptance of payments from ever asserting his rights under the tenancy at will, see Mauney v. Norvell, 179 N.C. at 630, 103 S.E. at 373, but rather that he might be estopped from asserting those rights if he had already accepted rent for the period during which he constructively evicted his tenant at will. If defendant received his rent in arrears, we are inclined to agree with defendant that he could demand possession instanter, at any time during the tenancy; however, if defendant received rent in advance, we believe he should be estopped from asserting the character of the tenancy at will as a defense to an action for nuisance. Even as a tenant at will, plaintiff's payment of rent in advance should secure for her a sufficient property right in the premises, at least for the period for which defendant accepted the rent, to support her nuisance claim.
We do not see this interpretation of plaintiff's rights as inconsistent with her status as a tenant at will. Defendant may still terminate the tenancy instanter, but not during a period for which he has already accepted rent. He could refuse to accept rent tendered at the first of the month for the coming month without notice and demand immediate possession of the premises; such is the essence of a tenancy at will. He could not, however, accept rent for the coming month and then terminate the tenancy in the middle of that month. Even under a tenancy at will we believe a tenant has a fixed property right in the premises during the period for which she has already paid the rent.
The record indicates that plaintiff vacated the beauty shop premises on 3 March 1978. Under the foregoing analysis plaintiff's nuisance claim must stand or fall on a determination of whether at that time defendant had already accepted rent from plaintiff for that portion of March. This is a genuine issue of material fact. If the rent was paid in advance, then plaintiff will be entitled to maintain her action for nuisance subject to a determination by a finder of fact of the reasonableness of defendant's interference with her property right.
Summary judgment on plaintiff's fraud claim was improperly entered. To overcome defendants' motion, plaintiff needed only to forecast evidence (1) that defendant made a definite and specific representation to her that was materially false; (2) that defendant made the representation with knowledge of its falsity; and (3) that plaintiff reasonably relied on the representation to her detriment. Ragsdale v. Kennedy, 286 N.C. 130, 209 S.E.2d 494 (1974).
Plaintiff's deposition tended to show that in August 1976 defendant represented to her that he would not operate a plastics plant in the shopping center area. Her statement in the complaint and again in her deposition that she would not rent space in the shopping center if the plastics plant was nearby establishes the materiality of this representation.
The requirement that the representation be made with knowledge of its falsity is satisfied by the deposition testimony of Larry Bryant, which tends to show that defendant represented to Bryant in early 1976 ("getting close to the summer"), that he intended to operate a plastics plant in the shopping center. Although a statement of future intent will not ordinarily support an action for fraud, Pierce v. Insurance Co., 240 N.C. 567, 83 S.E.2d 493 (1954), where it appears that the promisor at the time of making the representation of future intent, in fact had no intention of complying therewith, the state of mind of the promisor is a subsisting fact such as will support an action in fraud. See Cofield v. Griffin, 238 N.C. 377, 78 S.E.2d 131, 40 A.L.R.2d 966 (1953).
Plaintiff's reliance on defendant Humphries' alleged representation appears from her complaint and deposition to have resulted in considerable loss to her due to the expense of outfitting the beauty shop only *183 to be forced to abandon it soon thereafter and from her entry into long-term contracts based upon her continued occupancy of the beauty shop premises. Whether her reliance was reasonable must be left to the jury. We hold that reliance on defendant's representations could not be held unreasonable as a matter of law, so as to support an entry of summary judgment, in light of the statements by plaintiff in her deposition that "At the time I occupied my space on April 1, 1977, I didn't know H & W Plastics was in there."
Plaintiff's claim for treble damages under G.S. 75-16 for unfair trade practices should have survived defendants' motion for summary judgment. G.S. 75-1.1 defines unfair trade practices as "unfair or deceptive acts or practices in or affecting commerce." Our holding that plaintiff's depositions support her fraud claim necessitates our holding that the depositions likewise support her claim for "unfair or deceptive acts or practices." Hardy v. Toler, 288 N.C. 303, 218 S.E.2d 342 (1975). This Court has previously held that "the rental of residential housing is `trade or commerce' under 75-1.1." Love v. Pressley, 34 N.C.App. 503, 516, 239 S.E.2d 574, 583 (1977), disc. rev. denied, 294 N.C. 441, 241 S.E.2d 843 (1978). We hold that if the renting of residential property satisfies the "in or affecting commerce" language of G.S. 75-1.1, then a fortiori the renting of commercial property must similarly satisfy the statutory requirement.
We conclude that the trial court's entry of summary judgment for defendants on plaintiff's claims of nuisance, fraud, and unfair trade practices must be reversed.
Plaintiff argues that the trial court abused its discretion in granting defendants' motion to amend their answer to plead the statute of frauds. We have examined the circumstances surrounding the defendants' motion to amend and in light of the admonition of G.S. 1A-1, Rule 15(a) that leave to amend "shall be freely given," cannot say that the trial court's granting of said motion constituted a clear abuse of discretion. Plaintiff's assignment of error to the granting of the motion to amend defendants' answer is overruled.
Plaintiff's final two assignments of error relate to her considerable difficulty in compelling discovery of defendants.
Plaintiff's first motion to compel discovery was based on defendants' failure to respond to plaintiff's first set of interrogatories, their incomplete responses to plaintiff's second set of interrogatories, and their failure to produce certain requested documents. This motion was granted in an order by Judge Small after a hearing on the matter. The order, entered 11 April 1979, granted plaintiff the expenses incurred in compelling discovery, but denied plaintiff attorney's fees. G.S. 1A-1, Rule 37(a)(4) provides that when a motion to compel discovery is granted, "the court shall ... require the party ... whose conduct necessitated the motion or the party advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis added.) The judge recited in the order that the opposition was substantially justified under Rule 37(a)(2) which provides, "When taking a deposition on oral examination, the proponent of the question shall complete the examination on all other matters before he adjourns the examination in order to apply for an order." The judge fails to explain how this provision of Rule 37 could possibly justify defendant's failure to answer. We hold that it could not. The provision quoted in the order is clearly applicable only to a Rule 30 "deposition on oral examination." This motion was based on a failure to produce documents under Rule 34 and to answer interrogatories under Rule 33. Since the asserted justification bears no relation whatsoever to the matter before the court on the hearing on the motion to compel, the court was required by the mandatory language of Rule 37(a)(4) to order defendant to pay plaintiff's attorney's fees. The court erred in failing so to order.
*184 Plaintiff's second motion to compel discovery was based on defendants' failure to respond to plaintiff's requests for admissions and explanatory interrogatories. Defendants had previously filed a motion for a protective order on the grounds that these requests for admissions and interrogatories were repetitious and intended primarily to harass defendants. The trial court heard arguments on these two motions along with arguments on the summary judgment motion. The court granted the summary judgment motion, but failed to rule on the motions for protective order and to compel discovery. In light of our holding that plaintiff's claims for fraud, unfair trade practices, and nuisance ought to go to trial, the trial court will need to hold a hearing and make a ruling on these motions before proceeding on plaintiff's remaining claims.
Summary judgment as to plaintiff's claim for breach of contract of lease is affirmed. Summary judgment on plaintiff's claims for nuisance, fraud, and unfair trade practices is reversed and remanded. The order of 18 January 1980 granting defendants' motion to amend their answer to plead the statute of frauds is affirmed. The order of 11 April 1979 granting plaintiff's motion to compel discovery is remanded with instructions that it be amended to award plaintiff reasonable attorney's fees.
Affirmed in part; Reversed and Remanded in part.
WHICHARD, J., concurs.
HEDRICK, J., concurs in part and dissents in part.
HEDRICK, Judge, dissenting:
In my opinion, plaintiff's property interest is not such as would allow her to maintain her claim for nuisance.