RAY H. BAYNARD v. SERVICE DISTRIBUTING CO., INC.

No. 8529SC685

(Filed 21 January 1986)

**Unfair Competition § 1— supplier limited—retail price set—unfair trade practices**

    In an action to recover for restraint of trade and unfair trade practices, plaintiff's evidence that he was required to buy his gasoline from defendant and no one else and that defendant set plaintiff's retail prices was sufficient to establish per se violations of N.C.G.S. 75-5(b)(2) and (b)(7).

    Judge PARKER concurring in the result.

APPEAL by plaintiff from *Griffin, Judge*. Judgment entered 17 January 1985. Heard in the Court of Appeals 3 December 1985.

Plaintiff brought this action in which he asserted causes of action for breach of contract, for restraint of trade and for unfair trade practices. At the close of plaintiff's evidence, the trial court allowed defendant's motion for a directed verdict on plaintiff's restraint of trade and unfair trade practices causes. The cause for breach of contract proceeded to judgment. Plaintiff has appealed from the granting of defendant's motion for a directed verdict.

*J. Nat Hamrick for plaintiff-appellant.*

*Walker, Palmer & Miller, P.A., by Douglas M. Martin, for defendant-appellee.*

WELLS, Judge.

The standards for testing a motion for a directed verdict, N.C. Gen. Stat. § 1A-1, Rule 50(a) of the Rules of Civil Procedure, are well established and need not be repeated here. At trial, plaintiff's evidence tended to show the following events and circumstances.

Defendant is a wholesaler of petroleum products, owning and operating retail service stations. In early December of 1981, defendant leased a Forest City service station to plaintiff for a specified monthly rental. Plaintiff operated the station under the lease until late April or early May of 1982 when defendant was forced to close his business at a loss and give up his lease. During the time he operated the station, plaintiff was told by defendant

that plaintiff had to buy his gasoline from defendant and defendant set plaintiff's retail price from time to time so as to limit plaintiff's profit on gasoline sales to two (2) cents per gallon and on kerosene sales to ten (10) cents per gallon. Plaintiff was not allowed to and did not buy gasoline from any other source. Due to the fact that defendant was charging its wholesale prices to plaintiff and at the same time setting plaintiff's retail prices, plaintiff was put at a competitive disadvantage and also lost some undetermined amount of money on his gasoline sales. The lease agreement between defendant and plaintiff contained no requirement that plaintiff purchase his gasoline from defendant or that plaintiff allow defendant to set his retail prices, but plaintiff encountered such conditions in his dealing with defendant.

Plaintiff contends that these activities, acts or practices on defendant's part constituted violations of N.C. Gen. Stat. §§ 75-5(b)(2) and 75-5(b)(7) (1981), which read as follows:

(b) In addition to the other acts declared unlawful by this Chapter, it is unlawful for any person directly or indirectly to do, or to have any contract express or knowingly implied to do, any of the following acts:

(2) To sell any goods in this State upon condition that the purchaser thereof shall not deal in the goods of a competitor or rival in the business of the person making such sales.

(7) Except as may be otherwise provided by Article 10 of Chapter 66, entitled "Fair Trade," while engaged in buying or selling any goods in this State to make, enter into, execute or carry out any contract, obligation or agreement of any kind by which the parties thereto or any two or more of them bind themselves not to sell or dispose of any goods or any article of trade, use or consumption, below a common standard figure, or fixed value, or establish or settle the price of such goods between them, or between themselves and others, at a fixed or graduated figure, so as directly or indirectly to preclude a free and unrestricted competition among themselves, or any purchasers or consumers in the sale of such goods.

We hold that plaintiff's evidence, when viewed in the light most favorable to him, is sufficient to establish *per se* violations

of both G.S. 75-5(b)(2) and (b)(7), and that therefore the trial court erred in granting defendant's motion for a directed verdict. There must be a new trial.

Plaintiff also contends that the trial court erred in not allowing plaintiff an immediate appeal from the trial court's ruling on defendant's Rule 50(a) motion. Plaintiff has neither presented argument or cited any authority in support of this assignment and it is deemed abandoned.

New trial.

Judge ARNOLD concurs.

Judge PARKER concurs in the result.

Judge PARKER concurring in the result.

I concur in the result reached by the majority, but for a different reason. In my view plaintiff's evidence, taken in the light most favorable to plaintiff, is sufficient to raise the inferences that plaintiff (i) was coerced into buying his gasoline from defendant, (ii) was prohibited from setting his own prices for gasoline and (iii) was forced out of his lease with defendant for not paying his account. If these facts were found by the jury, they would, in my judgment, be sufficient to constitute a violation of G.S. 75-1.1. *See Wilder v. Squires*, 68 N.C. App. 310, 315 S.E. 2d 63, *disc. rev. denied*, 311 N.C. 769, 321 S.E. 2d 158 (1984); *Kent v. Humphries*, 50 N.C. App. 580, 275 S.E. 2d 176 (1981), *affirmed and modified on other grounds*, 303 N.C. 675, 281 S.E. 2d 43 (1981).

I do not agree with the majority that the evidence is sufficient to establish a *per se* violation of G.S. 75-5(b)(2) and (b)(7). From the record in this case, I find no evidence that defendant sold gasoline to plaintiff "on condition" that plaintiff not deal in the goods of a competitor, a finding necessary to support a violation of G.S. 75-5(b)(2); nor do I find evidence of any "contract, obligation or agreement" as required by G.S. 75-5(b)(7).